IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., et al.,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>GAF MATERIALS, LLC,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:22-CV-215-TS-DAO<br><br>Judge Ted Stewart |

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to 35 U.S.C. § 101. For the reasons discussed below, the Court will deny the Motion without prejudice.

I. BACKGROUND[1]

Plaintiff Eagle View Technologies, Inc., develops products and technologies that produce aerial roof and wall measurement reports.[2] Plaintiff Pictometry International Corp., developed aerial oblique image capture and processing technologies.[3] Plaintiffs merged in 2013 and are now known as EagleView Technology Corporation.[4] Together, they are the owners of the nine patents-in-suit in this case, which describe methods for estimating roofs and generating reports without manual measurement. The patents claim computer-implemented tools that rely on unconventional

---

[1] The relevant facts in the Complaint are taken as true for purposes of this Motion.

[2] Docket No. 1 ¶ 4.

[3] *Id.* ¶ 5.

[4] *Id.* ¶ 6.

correlations of non-stereoscopic images to generate roof reports with accurate information concerning a roof.

Defendant, GAF Materials, LLC ("GAF"), is a corporation that competes with Plaintiffs in rooftop aerial measurement products. The Complaint alleges that GAF infringed the nine patents-in-suit. GAF challenges each of the nine patents under 35 U.S.C. § 101.

## II. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7] "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[8] In making this determination, the court accepts all well-pleaded factual allegations and views the complaint in the light most favorable to the non-moving party.[9]

In considering a motion to dismiss, a district court considers the complaint, any attached exhibits,[10] the "documents incorporated into the complaint by reference, and matters of which a

---

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[8] *Id.* at 679 (internal citations and quotation marks omitted).

[9] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[10] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

court may take judicial notice."[11] The court may also consider other "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[12]

The Federal Circuit has emphasized that subject matter eligibility under § 101 is a question of law based on underlying facts that may be decided on a Rule 12(b)(6) motion where there are no facts which, taken in the light most favorable to the plaintiff, prevent resolving the question as a matter of law.[13]

### III. DISCUSSION

GAF moves to dismiss Plaintiffs' claims for infringement and argues the nine patents are invalid under 35 U.S.C. § 101 because they are directed to unpatentable abstract ideas. Under § 101 of the Patent Act, patent-eligible subject matter includes "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof."[14] The Supreme Court has interpreted this statement as containing implicit exceptions: "Laws of nature, natural phenomena, and abstract ideas are not patentable."[15] The primary concern of these exemptions is preemption: claims that are "not directed to a specific invention and instead improperly monopolize 'the basic tools of scientific and technological work'" are ineligible for patent protection.[16]

---

[11] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[12] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[13] *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

[14] 35 U.S.C. § 101.

[15] *Alice Corp. Pty. Ltd. v. SLS Bank Int'l*, 573 U.S. 208, 216 (2014) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)).

[16] *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016) (quoting *Alice*, 573 U.S. at 216).

The Supreme Court has articulated a two-step test for identifying non-patentable subject matter.[17] At Step One, the court considers whether the patent claims are "directed to" an ineligible concept, such as an abstract idea, a law of nature, or a natural phenomenon.[18] If not, the inquiry ends. If so, the court asks at Step Two whether the claims nevertheless contain an "inventive concept" that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself."[19]

GAF argues that the nine patents fail Step One because they are directed to the abstract ideas of "automated image retrieval," "3D model generation," "feature indication/model modification & image display/registration," "pitch determination and model modification," and "pitch determination."[20] Determining what a patent is "directed to" is not an exact science.[21] A court must assess a claim's "character as a whole" in light of the specification[22] to determine its "focus"[23] or "basic thrust,"[24] but without oversimplifying the claims or describing them "[at] a high level of abstraction and untethered from the language of the claims."[25] GAF has not

---

[17] *Alice*, 573 U.S. at 217; *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66 (2012).

[18] *Alice*, 573 U.S. at 217.

[19] *Id.* at 217–18 (quoting *Mayo*, 566 U.S. at 72–73) (alteration in original).

[20] Docket No. 75 at 16.

[21] *See generally Smart Sys. Innovations, LLC v. Chi. Transit Auth.*, 873 F.3d 1364, 1376–79 (Fed. Cir. 2017) (Linn, J., dissenting-in-part and concurring-in-part) (discussing the difficulties of determining what a patent is "directed to" under Supreme Court and Federal Circuit precedent).

[22] *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016) (internal citation and quotations marks omitted).

[23] *Id.* at 1336.

[24] *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1150 (Fed. Cir. 2016) (quoting *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016)).

[25] *Enfish*, 822 F.3d at 1337.

convinced the Court that the claims at issue are directed to abstract ideas. Although the claims may involve abstract concepts, GAF has not shown that the claims are in fact directed to these concepts.[26]

GAF argues that the patents are analogous to *Yu v. Apple*,[27] in which defendants challenged patent claims relating to a digital camera that took two photographs, using one to enhance the other.[28] Yu argued that the claims were directed to a specific solution to low photo resolution and improved camera functionality. However, the Federal Circuit concluded—based on an undisputed factual finding made by the district court—that the solution was an abstract idea as the practice had been used by photographers for over a century.[29] Yu also argued that the specifications supporting the patent claims demonstrated an advance in the claims, but the court disagreed finding that there was a mismatch between the breadth of the claim and specification undercutting the argument that the claim was not abstract.[30]

GAF argues that *Yu* is similar to the nine patents-at-issue in two ways. First, it argues that, like in *Yu*, the purported solution of generating roof repair without direct human measurement is

---

[26] *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1011 (Fed. Cir. 2018) ("At *Alice* step one, it is not enough to merely identify a patent-ineligible concept underlying the claim; we must determine whether the patent-ineligible concept is what the claim is directed to.") (internal citation and quotation marks omitted); *Enfish*, 822 F.3d at 1335 ("The 'directed to' inquiry . . . cannot simply ask whether the claims *involve* a patent-ineligible concept."); *see also Alice*, 573 U.S. at 217 ("At some level, all inventions embody, use, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.") (internal citations and quotation marks omitted); *Parker v. Flook*, 437 U.S. 584, 594 (1978) (explaining that a process was not unpatentable simply because it contained patent-ineligible components, but because the process, "*considered as a whole*, contains no patentable invention.") (emphasis added).

[27] 1 F.4th 1040 (Fed. Cir. 2021).

[28] *Id.* at 1042–43.

[29] *Id.* at 1043–44.

[30] *Id.*

merely directed to the abstract ideas of "image correlation" and "report generation."[31] Second, GAF asserts that there is a mismatch between the "specific solution" stated by Plaintiffs and the actual claim language, specifically—that the claims do not address accuracy of modeling a roof.[32] GAF fails to address the patent claims with any specificity in making this comparison.

At least at this juncture, the claims at issue do not appear similar to those held ineligible in *Yu*. Here, the claims are directed to methods and processes of constructing a 3D roof model from two photographs to facilitate roof repair or replacement. There is insufficient information to suggest that this is a long-held practice, making this case factually distinguishable from *Yu*.[33] Additionally, there is simply not enough information before the Court at this stage in litigation to assess whether there is a mismatch between the claim language and the alleged solution.

GAF fails to meaningfully distinguish the patents at issue from *McRO, Inc. v. Bandai Namco Games Am. Inc.*[34] There, the Federal Circuit found that patents automating a preexisting method for animation were not abstract because they "focused on a specific asserted improvement in computer animation, i.e., the automatic use of rules of a particular type" and not the same process as previously performed by humans.[35] GAF argues that while *McRO* concerned technology rooted exclusively in computers, the alleged improvement here "is not a new way of performing computer animation," but instead replicates the manual process of ordering a roof

---

[31] Docket No. 75 at 19.

[32] *Id.*

[33] *Yu v. Apple Inc.*, No. 3:18-cv-06181-JD, 2020 WL 1429773, at * 4 (N.D. Cal. Mar. 24, 2020) ("The Court's prior order noted that photographers had been using multiple pictures to enhance each other for over a century and concluded claim 1 was directed to that abstract idea. Plaintiffs do not challenge that comparison in any way here.") (citation omitted).

[34] 837 F.3d 1299.

[35] *Id.* at 1314.

report or using photos to calculate roof dimensions.[36] However, GAF does not provide a sufficient basis to demonstrate that the patented processes do not improve computer functionality.

Next, GAF argues that here, unlike in *McRO*, the same mathematical equations underlie both methods of calculating roof dimensions. The court in *McRO* distinguished the manual and automated processes involved in *Flook*, *Bilski v. Kappos*,[37] and *Alice* because in those cases "the claimed computer-automated process and the prior method were carried out in the same way."[38] GAF does not provide a sufficient basis for the Court to conclude that the claimed methods and processes involved in the patents here are carried out in the same way as the prior method. Further, "the use of a mathematical formula or law of nature [does] not alone make a claim patent ineligible," however, to be patent eligible, the claim must provide "an inventive application of the principle."[39] The Court cannot conclude otherwise at this stage in ligation.

Additionally, GAF argues that unlike in *McRO*, in which the specified rules outlined the exact method for performing the synchronization process, the claims here are defined strictly in terms of outcome. However, at this stage in litigation, the patents appear to "have the specificity required to transform the claim[s] from . . . claiming only a result to. . . claiming a way of achieving it."[40]

---

[36] Docket No. 75 at 20.

[37] 561 U.S. 593 (2010).

[38] *McRO*, 837 F.3d at 1314–15 ("The computer here is employed to perform a distinct process to automate a task previously performed by humans.").

[39] *Am. Axle & Mfg., Inc. v. Neapco Holdings, LLC*, 967 F.3d 1285, 1297 (Fed. Cir. 2020), *cert. denied*, 142 S.Ct. 2092 (2022) (quoting *Flook*, 437 U.S. at 593–94).

[40] *Id.* at 1296 (quoting *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018)).

GAF also challenges some of the patents as the same processes that could be done by a human with pen and paper. Again, GAF does not offer sufficient evidence to show that the challenged patents involve the same processes a human could do on paper. Additionally, GAF's argument that the patents are merely data manipulation does not provide a basis for the Court to conclude that the claims are abstract under this framework.

Therefore, at this stage in the litigation, the Court interprets the patents at issue as "directed to" specific improved methods and not any known method or other abstract idea that may risk appropriating basic building blocks of scientific or technological work, a fundamental concern of § 101. Because GAF has not shown that Plaintiffs' patents fail Step One of the § 101 analysis, the Court will deny its Motion without proceeding to Step Two. The Court does not make a finding of ultimate eligibility of the nine patents and as such, the denial will be without prejudice.

## IV. CONCLUSION

It is therefore

ORDERED that GAF's motion to Dismiss (Docket No. 75) is denied without prejudice.

DATED December 12, 2022,

>BY THE COURT:
>
>_____
>TED STEWART
>United States District Judge