Samuel C. Straight
Ray Quinney & Nebeker P.C.
36 South State Street, Ste. 1400
Salt Lake City, UT 84111
Tel.: 801-323-3390
Fax: 801-532-7543
sstraight@rqn.com

*Attorney for Defendant & Counterclaim-Plaintiff*
*Additional counsel listed in signature block*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EAGLE VIEW TECHNOLOGIES, INC.,** and **PICTOMETRY INTERNATIONAL CORP.,** <br> *Plaintiffs*, <br><br> v. <br><br><br> **GAF MATERIALS LLC,** <br> *Defendant*. | **ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> Case No.: 2:22-cv-00215-TS-DAO <br><br> The Honorable Ted Stewart <br> Magistrate Judge Daphne A. Oberg |

Defendant GAF Materials LLC ("GAF") respectfully submits this Answer and

Counterclaims ("Answer") in response to the First Amended Complaint (Dkt. No. 11, "FAC")

filed by Plaintiffs Eagle View Technologies, Inc. ("Eagleview") and Pictometry International

Corp. ("Pictometry") (collectively, "Plaintiffs").

### NATURE OF ACTION

1.      GAF admits that Plaintiffs purport to bring an action for patent infringement in

the First Amended Complaint.  GAF denies the remaining allegations in paragraph 1 of the FAC.

2.      GAF admits that GAF-branded QuickMeasure reports can be ordered for residential, commercial, or multi-family buildings.  GAF otherwise denies the allegations in paragraph 2 of the FAC.

3.      GAF denies the allegations in paragraph 3 of the FAC.

## THE PARTIES

4.      GAF denies that Eagleview was the first remote aerial roof measurement service. GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the FAC, and therefore denies them.

5.      GAF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the FAC, and therefore denies them.

6.      GAF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the FAC, and therefore denies them.

7.      GAF admits that it is a Delaware limited liability company with a regular and established place of business at 1 Campus Drive, Parsippany-Troy Hills, New Jersey 07054. GAF denies the remaining allegations in paragraph 7 of the FAC.

## PATENTS-IN-SUIT

8.      GAF admits that, according to Exhibit 1 to the FAC, U.S. Patent No. 8,078,436 ("the '436 patent") is entitled "Aerial Roof Estimation Systems and Methods," and was issued by the U.S. Patent & Trademark Office on December 13, 2011.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '436 patent as Exhibit 1 to the FAC.  GAF further admits that a document that appears to be the reexamination certificate for the '436 patent is appended at the end of Exhibit 1.  GAF denies that any claims of the '436

2

patent are valid or enforceable.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the FAC, and therefore denies them.

9.    GAF lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the FAC, and therefore denies them.

10.    GAF admits that, according to Exhibit 2 to the FAC, U.S. Patent No. 8,170,840 ("the '840 patent") is entitled "Pitch Determination Systems and Methods for Aerial Roof Estimation," and was issued by the U.S. Patent & Trademark Office on May 1, 2012.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '840 patent as Exhibit 2 to the FAC.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of FAC, and therefore denies them.

11.    GAF denies that any claims of the '840 patent are valid and enforceable.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the FAC, and therefore denies them.

12.    GAF admits that, according to Exhibit 3 to the FAC, U.S. Patent No. 8,209,152 ("the '152 patent") is entitled "Concurrent Display Systems and Methods for Aerial Roof Estimation," and was issued by the U.S. Patent & Trademark Office on June 26, 2012.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '152 patent as Exhibit 3 to the FAC.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of FAC, and therefore denies them.

13.    GAF denies that any claims of the '152 patent are valid and enforceable.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of FAC, and therefore denies them.

14.    GAF admits that, according to Exhibit 4 to the FAC, U.S. Patent No. 8,542,880 ("the '880 patent") is entitled "System and Process for Roof Measurement Using Aerial Imagery," and was issued by the U.S. Patent & Trademark Office on September 24, 2013.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '880 patent as Exhibit 4 to the FAC.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of FAC, and therefore denies them.

15.    GAF denies that any claims of the '880 patent are valid or enforceable.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of FAC, and therefore denies them.

16.    GAF admits that, according to Exhibit 5 to the FAC, U.S. Patent No. 8,670,961 ("the '961 patent") is entitled "Aerial Roof Estimation Systems and Methods," and was issued by the U.S. Patent & Trademark Office on March 11, 2014.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '961 patent as Exhibit 5 to the FAC.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of FAC, and therefore denies them.

17.    GAF denies the allegations in paragraph 17 of the FAC.

18.    GAF admits that, according to Exhibit 6 to the FAC, U.S. Patent No. 9,129,376 ("the '376 patent") is entitled "Pitch Determination Systems and Methods for Aerial Roof

Estimation," and was issued by the U.S. Patent & Trademark Office on September 8, 2015.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '376 patent as Exhibit 6 to the FAC.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of FAC, and therefore denies them.

19.    GAF denies that any claims of the '376 patent are valid or enforceable.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of FAC, and therefore denies them.

20.    GAF admits that, according to Exhibit 7 to the FAC, U.S. Patent No. 9,514,568 ("the '568 patent") is entitled "Aerial Roof Estimation Systems and Methods," and was issued by the U.S. Patent & Trademark Office on December 6, 2016.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '568 patent as Exhibit 7 to the FAC.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of FAC, and therefore denies them.

21.    GAF denies the allegations in paragraph 21 of the FAC.

22.    GAF admits that, according to Exhibit 8 to the FAC, U.S. Patent No. 10,528,960 ("the '960 patent") is entitled "Aerial Roof Estimation Systems and Methods," and was issued by the U.S. Patent & Trademark Office on January 7, 2020.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '960 patent as Exhibit 8 to the FAC.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of FAC, and therefore denies them.

23.    GAF denies the allegations in paragraph 23 of the FAC.

24.     GAF admits that, according to Exhibit 9 to the FAC, U.S. Patent No. 10,685,149 ("the '149 patent") is entitled "Pitch Determination Systems and Methods for Aerial Roof Estimation," and was issued by the U.S. Patent & Trademark Office on June 16, 2020.  GAF further admits that Plaintiffs have attached what they represent is a true and correct copy of the '149 patent as Exhibit 9 to the FAC.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of FAC, and therefore denies them.

25.     GAF denies the allegations in paragraph 25 of the FAC.

26.     GAF denies the allegations in paragraph 26 of the FAC.

27.     GAF denies the allegations in paragraph 27 of the FAC.

28.     GAF admits that paragraph 28 of the FAC appears to accurately quote from the '436 patent, the '568 patent, the '960 patent, and the '961 patent.  GAF denies the remaining allegations in paragraph 28 of the FAC.

29.     GAF admits that paragraph 29 of the FAC appears to accurately quote from the '376 patent, the '840 patent, the '880 patent, the '152 patent, and the '149 patent.  GAF denies the remaining allegations in paragraph 29 of the FAC.

30.     GAF refers to the Patents-in-Suit for a true and correct recitation of any quotations that appear in paragraph 30 of the FAC.  GAF otherwise denies the allegations in paragraph 30 of the FAC.

31.     GAF denies the allegations in paragraph 31 of the FAC.

32.     GAF admits that paragraph 32 of the FAC appears to accurately quote from Exhibit 10 to the FAC.  GAF otherwise denies the allegations in paragraph 32 of the FAC.

33.     GAF admits that paragraph 33 of the FAC appears to accurately quote from Exhibit 10 to the FAC.  GAF otherwise denies the allegations in paragraph 33 of the FAC.

34.     GAF admits that paragraph 34 of the FAC appears to accurately quote from Exhibit 11 to the FAC.  GAF otherwise denies the allegations in paragraph 34 of the FAC.

35.     GAF admits that paragraph 35 of the FAC appears to accurately quote from Exhibit 12 to the FAC.  GAF otherwise denies the allegations in paragraph 35 of the FAC.

36.     GAF admits that paragraph 36 of the FAC appears to accurately quote from Exhibit 13 to the FAC.  GAF otherwise denies the allegations in paragraph 36 of the FAC.

37.     GAF admits that paragraph 37 of the FAC appears to accurately quote from Exhibit 10 to the FAC.  GAF otherwise denies the allegations in paragraph 37 of the FAC.

## JURISDICTION AND VENUE

38.     GAF admits the allegations in paragraph 38 of the FAC.

39.     GAF admits the allegations in paragraph 39 of the FAC.

40.     GAF admits that the U.S. District Court for the District of New Jersey had personal jurisdiction over GAF; that GAF has substantial, continuous, and systematic contacts with the State of New Jersey; that GAF has solicited business in, transacted business within, and attempted to derive financial benefit from residents of New Jersey, on a substantial and not isolated basis; that GAF maintains a regular and established place of business in New Jersey; that GAF has employees in the State of New Jersey; and that GAF's "global headquarters" is located in Parsippany, New Jersey.  GAF otherwise denies the allegations in paragraph 40 of the FAC.

41.     GAF admits that it maintains a regular and established place of business in the District of Utah.  GAF otherwise denies the allegations in paragraph 41 of the FAC.

## COUNT I – INFRINGEMENT OF THE '436 PATENT BY GAF

42.    In response to paragraph 42 of the FAC, GAF incorporates by reference its responses to paragraphs 1-41 of the FAC as if fully set forth herein.

43.    GAF admits that the face of the '436 Patent identifies its issuance date as December 13, 2011.  GAF otherwise denies the allegations in paragraph 43 of the FAC.

44.    GAF denies the allegations of paragraph 44 of the FAC.

45.    GAF denies the allegations of paragraph 45 of the FAC.

46.    GAF admits that paragraph 46 recites claim 1 of the '436 patent.  To the extent there are any further allegations in paragraph 46 of the FAC, GAF denies them.

47.    GAF admits that the process of generating GAF-branded QuickMeasure reports involves a computer.  GAF otherwise denies the allegations of paragraph 47 of the FAC.

48.    GAF admits that GAF-branded QuickMeasure reports can be requested through a website.  GAF otherwise denies the allegations of paragraph 48 of the FAC.

49.    GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 49 of the FAC, and therefore denies them.

50.    GAF denies the allegations of paragraph 50 of the FAC.

51.    GAF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies them.

52.    GAF admits that GAF-branded QuickMeasure reports include different views of roofs.  GAF otherwise denies the allegations in paragraph 52 of the FAC.

53.     GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and therefore denies them.

54.     GAF admits that GAF-branded QuickMeasure reports generally contain information regarding slope, area, and length of edges of roof sections.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and therefore denies them.

55.     GAF admits that GAF-branded QuickMeasure reports generally contain information regarding the slope, area, and length of edges of roof sections, and annotated views. GAF otherwise denies the allegations in paragraph 55 of the FAC.

56.     GAF admits that GAF-branded QuickMeasure reports utilize different colors. GAF otherwise denies the allegations in paragraph 56 of the FAC.

57.     GAF admits that it has had knowledge of the '436 patent since no later than May 4, 2021.  GAF otherwise denies the allegations in paragraph 57 of the FAC.

58.     GAF denies the allegations in paragraph 58 of the FAC.

59.     GAF denies the allegations in paragraph 59 of the FAC.

60.     GAF denies the allegations in paragraph 60 of the FAC.

61.     GAF denies the allegations in paragraph 61 of the FAC.

62.     GAF denies the allegations in paragraph 62 of the FAC.

### COUNT II – INFRINGEMENT OF THE '840 PATENT BY GAF

63.     In response to paragraph 63 of the FAC, GAF incorporates by references its responses to paragraph 1-62 as if fully set forth herein.

64. GAF admits that the face of the '840 Patent identifies its issuance date as May 1, 2012. GAF otherwise denies the allegations in paragraph 64 of the FAC.

65. GAF denies the allegations in paragraph 65 of the FAC.

66. GAF denies the allegations in paragraph 66 of the FAC.

67. GAF admits that paragraph 67 recites claim 1 of the '840 patent. To the extent there are any further allegations in paragraph 67 of the FAC, GAF denies them.

68. GAF denies the allegations in paragraph 68 of the FAC.

69. GAF admits that the process of generating GAF-branded QuickMeasure reports involves a computer. GAF otherwise denies the allegations in paragraph 69 of the FAC.

70. GAF admits that GAF-branded QuickMeasure reports can be requested through a website. GAF otherwise denies the allegations in paragraph 70 of the FAC.

71. GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements. GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 71 of the FAC, and therefore denies them.

72. GAF admits that multiple views of buildings are typically depicted in a GAF-branded QuickMeasure report. GAF otherwise denies the allegations in paragraph 72 of the FAC.

73. GAF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the FAC, and therefore denies them.

74. GAF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the FAC, and therefore denies them.

75.    GAF admits that paragraph 75 recites a statement from a webinar by Vishal Laddha.  GAF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 of the FAC, and therefore denies them.

76.    GAF admits that it has been aware of the '840 patent since no later than May 4, 2021.  GAF otherwise denies the allegations in paragraph 76 of the FAC.

77.    GAF denies the allegations in paragraph 77 of the FAC.

78.    GAF denies the allegations in paragraph 78 of the FAC.

79.    GAF denies the allegations in paragraph 79 of the FAC.

80.    GAF denies the allegations in paragraph 80 of the FAC.

81.    GAF denies the allegations in paragraph 81 of the FAC.

### COUNT III – INFRINGEMENT OF THE '152 PATENT BY GAF

82.    In response to paragraph 82 of the FAC, GAF incorporates by reference its responses to paragraph 1-81 of the FAC as if fully set forth herein.

83.    GAF admits that the face of the '152 patent identifies its issuance date as June 26, 2012.  GAF denies the remaining allegations of paragraph 83 of the FAC.

84.    GAF denies the allegations of paragraph 84 of the FAC.

85.    GAF denies the allegations of paragraph 85 of the FAC.

86.    GAF admits that paragraph 86 of the FAC recites claim 10 of the '152 patent, and that claim 10 depends from claim 1 of the '152 patent.  To the extent there are any further allegations in paragraph 86 of the FAC, GAF denies them.

87.    GAF admits that paragraph 87 of the FAC recites claim 1 of the '152 patent.  To the extent there are any further allegations in paragraph 87 of the FAC, GAF denies them

11

88.     GAF admits that generating a GAF-branded QuickMeasure report involves a computer.  GAF denies the remaining allegations in paragraph 88 of the FAC.

89.     GAF admits that a GAF-branded QuickMeasure report can be requested through a website.  GAF denies the remaining allegations in paragraph 89 of the FAC.

90.     GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 90 of the FAC, and therefore denies them.

91.     GAF admits that a typical QuickMeasure report includes different views of a roof. GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 of the FAC, and therefore denies them.

92.     GAF admits that a typical QuickMeasure report includes different views of a roof. GAF denies the remaining allegations in paragraph 92 of the FAC.

93.     GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 of the FAC, and therefore denies them.

94.     GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 of the FAC, and therefore denies them.

95.     GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 of the FAC, and therefore denies them.

96.     GAF admits that it has marketed GAF-branded QuickMeasure reports as generally available within one hour of the time that they are ordered.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 96 of the FAC, and therefore denies them.

97.    GAF admits that it has marketed GAF-branded QuickMeasure reports as generally available within one hour of the time that they are ordered, and that paragraph 97 includes a statement from a webinar that was made by Vishal Laddha.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 of the FAC, and therefore denies them.

98.    GAF admits that the typical GAF-branded QuickMeasure report includes an image of a roof, and a three-dimensional depiction of a roof.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 of the FAC, and therefore denies them.

99.    GAF admits that it became aware of the '152 patent no later than May 4, 2021. GAF otherwise denies the allegations in paragraph 99 of the FAC.

100.    GAF denies the allegations in paragraph 100 of the FAC.

101.    GAF denies the allegations in paragraph 101 of the FAC.

102.    GAF denies the allegations in paragraph 102 of the FAC.

103.    GAF denies the allegations in paragraph 103 of the FAC.

104.    GAF denies the allegations in paragraph 104 of the FAC.

### COUNT IV – INFRINGEMENT OF THE '880 PATENT BY GAF

105.    In response to paragraph 105 of the FAC, GAF incorporates by reference its responses to paragraphs 1-104 as if fully set forth herein.

106.    GAF admits that the face of the '880 patent identifies its issuance date as September 24, 2013.  GAF otherwise denies the allegations in paragraph 106 of the FAC.

107.    GAF denies the allegations of paragraph 107 of the FAC.

13

108.    GAF denies the allegations of paragraph 108 of the FAC.

109.    GAF admits that paragraph 109 of the FAC recites claim 1 of the '880 patent.  To the extent there are any further allegations in paragraph 109 of the FAC, GAF denies them.

110.    GAF denies the allegations of paragraph 110 of the FAC.

111.    GAF admits that GAF-branded QuickMeasure reports are generated through a process involving a computer.  GAF otherwise denies the allegations in paragraph 111 of the FAC.

112.    GAF admits that a GAF-branded QuickMeasure report can be requested through a website.  GAF otherwise denies the allegations in paragraph 112 of the FAC.

113.    GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 113 of the FAC, and therefore denies them.

114.    GAF admits that, when a GAF-branded QuickMeasure report is ordered through https://quickmeasure.gaf.com, there is a field which allows the individual ordering a report to "[e]nter the address of the property."  GAF otherwise denies the allegations in paragraph 114 of the FAC.

115.    GAF admits that multiple images of a building are included in the typical GAF-branded QuickMeasure report.  GAF otherwise denies the allegations in paragraph 115 of the FAC.

116.    GAF denies the allegations in paragraph 116 of the FAC.

117.    GAF denies the allegations in paragraph 117 of the FAC.

118.   GAF admits that, when a GAF-branded QuickMeasure report is ordered through https://quickmeasure.gaf.com, there is a "Checkout" button that can be clicked.  GAF otherwise denies the allegations in paragraph 118 of the FAC.

119.   GAF admits that multiple images of a building are included in the typical GAF-branded QuickMeasure report.  GAF otherwise denies the allegations in paragraph 119 of the FAC.

120.   GAF admits that it has been aware of the '880 patent since no later than May 4, 2021.  GAF otherwise denies the allegations in paragraph 120 of the FAC.

121.   GAF denies the allegations in paragraph 121 of the FAC.

122.   GAF denies the allegations in paragraph 122 of the FAC.

123.   GAF denies the allegations in paragraph 123 of the FAC.

124.   GAF denies the allegations in paragraph 124 of the FAC.

125.   GAF denies the allegations in paragraph 125 of the FAC.

<strong><u>COUNT V – INFRINGEMENT OF THE '961 PATENT BY GAF</u></strong>

126.   In response to paragraph 126 of the FAC, GAF incorporates by reference its responses to paragraphs 1-125 of the FAC as if fully set forth herein.

127.   GAF admits that the face of the '961 patent identifies its issuance date as March 11, 2014.  GAF otherwise denies the allegations in paragraph 127 of the FAC.

128.   GAF denies the allegations in paragraph 128 of the FAC.

129.   GAF denies the allegations in paragraph 129 of the FAC.

130.   GAF admits that paragraph 130 of the FAC recites claim 1 of the '961 patent.  To the extent there are any further allegations in paragraph 130 of the FAC, GAF denies them.

15

131.    GAF denies the allegations in paragraph 131 of the FAC.

132.    GAF admits that GAF-branded QuickMeasure reports are generated through a process involving a computer.  GAF otherwise denies the allegations in paragraph 132 of the FAC.

133.    GAF admits that a GAF-branded QuickMeasure report can be requested through a website.  GAF otherwise denies the allegations in paragraph 133 of the FAC.

134.    GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 134 of the FAC, and therefore denies them.

135.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 of the FAC, and therefore denies them.

136.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 of the FAC, and therefore denies them.

137.    GAF admits that the typical GAF-branded QuickMeasure reports includes different views of a roof.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 137 of the FAC, and therefore denies them.

138.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 of the FAC, and therefore denies them.

139.    GAF admits that the typical GAF-branded QuickMeasure report includes different views of a roof.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 of the FAC, and therefore denies them.

16

140.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 of the FAC, and therefore denies them.

141.    GAF admits that paragraph 141 of the FAC includes a statement from a webinar that was made by Vishal Laddha.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 of the FAC, and therefore denies them.

142.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 of the FAC, and therefore denies them.

143.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 of the FAC, and therefore denies them.

144.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 of the FAC, and therefore denies them.

145.    GAF admits that the typical GAF-branded QuickMeasure report includes information on multiple roof attributes.  GAF otherwise denies the allegations in paragraph 145 of the FAC.

146.    GAF admits that the typical GAF-branded QuickMeasure report includes multiple different colors.  GAF otherwise denies the allegations in paragraph 146 of the FAC.

147.    GAF admits that it has been aware of the '961 patent since no later than May 4, 2021.  GAF otherwise denies the allegations in paragraph 147 of the FAC.

148.    GAF denies the allegations in paragraph 148 of the FAC.

149.    GAF denies the allegations in paragraph 149 of the FAC.

150.    GAF denies the allegations in paragraph 150 of the FAC.

151.    GAF denies the allegations in paragraph 151 of the FAC.

152.    GAF denies the allegations in paragraph 152 of the FAC.

## COUNT VI – INFRINGEMENT OF THE '376 PATENT BY GAF

153.    In response to paragraph 153 of the FAC, GAF incorporates by reference its responses to paragraph 1-152 of the FAC as if fully set forth herein.

154.    GAF admits that the face of the '376 patent identifies its issuance date as September 8, 2015.  GAF denies the remaining allegations in paragraph 154 of the FAC.

155.    GAF denies the allegations in paragraph 155 of the FAC.

156.    GAF denies the allegations in paragraph 156 of the FAC.

157.    GAF admits that paragraph 157 of the FAC recites claim 1 of the '376 patent.  To the extent there are any further allegations in paragraph 157 of the FAC, GAF denies them

158.    GAF admits that GAF-branded QuickMeasure reports are generated through a process involving a computer.  GAF otherwise denies the allegations in paragraph 158 of the FAC.

159.    GAF admits that a GAF-branded QuickMeasure report can be requested through a website.  GAF otherwise denies the allegations in paragraph 159 of the FAC.

160.    GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 160 of the FAC, and therefore denies them.

161.    GAF admits that the typical GAF-branded QuickMeasure report includes different views of a roof.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 161 of the FAC, and therefore denies them.

162.    GAF admits that paragraph 162 of the FAC includes a statement from a webinar that was made by Vishal Laddha.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 162 of the FAC, and therefore denies them.

163.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 of the FAC, and therefore denies them.

164.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 of the FAC, and therefore denies them.

165.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 165 of the FAC, and therefore denies them.

166.    GAF admits that the typical GAF-branded QuickMeasure report includes information on multiple roof attributes.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 166 of the FAC, and therefore denies them.

167.    GAF admits that the typical GAF-branded QuickMeasure report includes information on multiple roof attributes.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 167 of the FAC, and therefore denies them.

168.     GAF admits that certain individuals who order GAF-branded QuickMeasure reports may be doing so in connection with repair and/or constructing a roof structure.  GAF otherwise denies the allegations in paragraph 168 of the FAC.

169.     GAF admits that it has been aware of the '376 patent since no later than May 4, 2021.  GAF otherwise denies the allegations in paragraph 169 of the FAC.

170.     GAF denies the allegations in paragraph 170 of the FAC.

171.     GAF denies the allegations in paragraph 171 of the FAC.

172.     GAF denies the allegations in paragraph 172 of the FAC.

173.     GAF denies the allegations in paragraph 173 of the FAC.

174.     GAF denies the allegations in paragraph 174 of the FAC.

**COUNT VII – INFRINGEMENT OF THE '568 PATENT BY GAF**

175.     In response to paragraph 175 of the FAC, GAF incorporates by reference its responses to paragraph 1-174 of the FAC, as if fully set forth herein.

176.     GAF admits that the face of the '568 patent identifies its issuance date as December 6, 2016.  GAF denies the remaining allegations of paragraph 176 of the FAC.

177.     GAF denies the allegations of paragraph 177 of the FAC.

178.     GAF denies the allegations of paragraph 178 of the FAC.

179.     GAF admits that paragraph 179 of the FAC recites claim 1 of the '568 patent.  To the extent there are any further allegations in paragraph 179 of the FAC, GAF denies them.

180.     GAF denies the allegations of paragraph 180 of the FAC.

181.    GAF admits that GAF-branded QuickMeasure reports are generated through a process involving a computer.  GAF otherwise denies the allegations in paragraph 181 of the FAC.

182.    GAF admits that a GAF-branded QuickMeasure report can be requested through a website.  GAF otherwise denies the allegations in paragraph 182 of the FAC.

183.    GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 183 of the FAC, and therefore denies them.

184.    GAF admits that, when a GAF-branded QuickMeasure report is ordered through https://quickmeasure.gaf.com, there is a field which allows the individual ordering a report to "[e]nter the address of the property."  GAF otherwise denies the allegations in paragraph 184 of the FAC.

185.    GAF admits that, when a GAF-branded QuickMeasure report is ordered through https://quickmeasure.gaf.com, there is a "Checkout" button that can be clicked.  GAF otherwise denies the allegations in paragraph 185 of the FAC.

186.    GAF admits that, when a GAF-branded QuickMeasure report is ordered through https://quickmeasure.gaf.com, there is a field which allows the individual ordering a report to "[e]nter the address of the property," and that there is a "Checkout" button that can be clicked. GAF otherwise denies the allegations in paragraph 186 of the FAC.

187.    GAF admits that the typical GAF-branded QuickMeasure report includes a view of a building.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 187 of the FAC, and therefore denies them.

188. GAF admits that the typical GAF-branded QuickMeasure report includes multiple views of a building. GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 188 of the FAC, and therefore denies them.

189. GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 of the FAC, and therefore denies them.

190. GAF admits that paragraph 190 of the FAC includes a statement from a webinar made by Vishal Laddha. GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 190 of the FAC, and therefore denies them.

191. GAF admits that the typical GAF-branded QuickMeasure report includes information on multiple attributes of a roof. GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 191 of the FAC, and therefore denies them.

192. GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch. GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 192 of the FAC, and therefore denies them.

193. GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch. GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 193 of the FAC, and therefore denies them.

194. GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch. GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 194 of the FAC, and therefore denies them.

195.    GAF admits that the typical GAF-branded QuickMeasure report includes information on ridge lines and valley lines of a roof.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 195 of the FAC, and therefore denies them.

196.    GAF admits that the typical GAF-branded QuickMeasure report includes information on ridge lines and valley lines of a roof, which is illustrated in color.  GAF otherwise denies the allegations in paragraph 196 of the FAC.

197.    GAF admits that the typical GAF-branded QuickMeasure report includes information on ridge lines and valley lines of a roof, which is illustrated in color.  GAF otherwise denies the allegations in paragraph 197 of the FAC.

198.    GAF admits that QuickMeasure reports are typically sent to the email address that was entered at the time that a QuickMeasure report is ordered, or to an email address that is otherwise associated with a particular user.  GAF otherwise denies the allegations in paragraph 198 of the FAC.

199.    GAF admits that it has been aware of the '568 patent since no later than May 4, 2021.  GAF otherwise denies the allegations in paragraph 199 in the FAC.

200.    GAF denies the allegations in paragraph 200 of the FAC.

201.    GAF denies the allegations in paragraph 201 of the FAC.

202.    GAF denies the allegations in paragraph 202 of the FAC.

203.    GAF denies the allegations in paragraph 203 of the FAC.

204.    GAF denies the allegations in paragraph 204 of the FAC.

## COUNT VIII – INFRINGEMENT OF THE '960 PATENT BY GAF

205.    In response to paragraph 205 of the FAC, GAF incorporates by reference its responses to paragraph 1-204 as if fully set forth herein.

206.    GAF admits that the face of the '960 patent identifies its issuance date as January 7, 2020.  GAF denies the remaining allegations in paragraph 206 of the FAC.

207.    GAF denies the allegations in paragraph 207 of the FAC.

208.    GAF denies the allegations in paragraph 208 of the FAC.

209.    GAF admits that paragraph 209 of the FAC recites claim 1 of the '960 patent.  To the extent there are any other allegations in paragraph 209 of the FAC, GAF denies them.

210.    GAF denies the allegations in paragraph 210 of the FAC.

211.    GAF admits that GAF-branded QuickMeasure reports are generated through a process involving a computer.  GAF otherwise denies the allegations in paragraph 211 of the FAC.

212.    GAF admits that a GAF-branded QuickMeasure report can be requested through a website.  GAF otherwise denies the allegations in paragraph 212 of the FAC.

213.    GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 213 of the FAC, and therefore denies them.

214.    GAF admits that the typical GAF-branded QuickMeasure report includes multiple views of a building.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 214 of the FAC, and therefore denies them.

215.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 215 of the FAC, and therefore denies them.

216.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch and area.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 216 of the FAC, and therefore denies them.

217.    GAF admits that the typical GAF-branded QuickMeasure report includes a three-dimensional representation of a roof.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 217 of the FAC, and therefore denies them.

218.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 of the FAC, and therefore denies them.

219.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 219 of the FAC, and therefore denies them.

220.    GAF admits that paragraph 220 of the FAC includes a statement from a webinar that was made by Vishal Laddha.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 220 of the FAC, and therefore denies them.

221.    GAF lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 of the FAC, and therefore denies them.

222.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch and area.  GAF lacks information or knowledge sufficient to form a

belief as to the truth of the remaining allegations in paragraph 222 of the FAC, and therefore denies them.

223.    GAF admits that paragraph 223 quotes from Exhibits 16 and 18 to the FAC.  GAF otherwise denies the allegations in paragraph 223 of the FAC.

224.    GAF admits that QuickMeasure reports are typically sent to the email address that was entered at the time that a QuickMeasure report is ordered, or to an email address that is otherwise associated with a particular user.  GAF otherwise denies the allegations in paragraph 224 of the FAC.

225.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch.  GAF otherwise denies the allegations in paragraph 225 of the FAC.

226.    GAF admits that it has been aware of the '960 patent since no later than May 4, 2021.  GAF denies the remaining allegations in paragraph 226 of the FAC.

227.    GAF denies the allegations in paragraph 227 of the FAC.

228.    GAF denies the allegations in paragraph 228 of the FAC.

229.    GAF denies the allegations in paragraph 229 of the FAC.

230.    GAF denies the allegations in paragraph 230 of the FAC.

231.    GAF denies the allegations in paragraph 231 of the FAC.

<u>**COUNT IX – INFRINGEMENT OF THE '149 PATENT BY GAF**</u>

232.    In response to paragraph 232 of the FAC, GAF incorporates by reference its responses to paragraphs 1-231 of the FAC as if fully set forth herein.

233.    GAF admits that the face of the '149 patent identifies June 16, 2020, as its issuance date.  GAF otherwise denies the allegations in paragraph 233 of the FAC.

234.    GAF denies the allegations in paragraph 234 of the FAC.

235.    GAF denies the allegations in paragraph 235 of the FAC.

236.    GAF admits that paragraph 236 of the FAC recites claim 1 of the '149 patent.  To the extent there are any other allegations in paragraph 236 of the FAC, GAF denies them.

237.    GAF denies the allegations in paragraph 237 of the FAC.

238.    GAF admits that GAF-branded QuickMeasure reports are generated through a process involving a computer.  GAF otherwise denies the allegations in paragraph 238 of the FAC.

239.    GAF admits that a GAF-branded QuickMeasure report can be requested through a website.  GAF otherwise denies the allegations in paragraph 239 of the FAC.

240.    GAF admits that GAF-branded QuickMeasure reports include estimates for roof measurements.  GAF lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 240 of the FAC, and therefore denies them.

241.    GAF admits that the typical GAF-branded QuickMeasure report includes multiple views of a building.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 241 of the FAC, and therefore denies them.

242.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch.  GAF further admits that paragraph 242 of the FAC includes a statement from a webinar that was made by Vishal Laddha.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 242 of the FAC, and therefore denies them.

243.    GAF admits that the typical GAF-branded QuickMeasure report includes information on roof pitch.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 243 of the FAC, and therefore denies them.

244.    GAF admits that the typical GAF-branded QuickMeasure report includes a three-dimensional representation of a roof.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 244 of the FAC, and therefore denies them.

245.    GAF admits that the typical GAF-branded QuickMeasure report includes information on multiple attributes of a roof.  GAF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 245 of the FAC, and therefore denies them.

246.    GAF admits that the typical GAF-branded QuickMeasure report includes information on multiple attributes of a roof.  GAF denies the remaining allegations in paragraph 246 of the FAC.

247.    GAF admits that paragraph 247 quotes from Exhibits 16 and 18 to the FAC.  GAF otherwise denies the allegations in paragraph 247 of the FAC.

248.    GAF admits that it has been aware of the '149 patent since no later than May 4, 2021.  GAF denies the remaining allegations in paragraph 248 of the FAC.

249.    GAF denies the allegations in paragraph 249 of the FAC.

250.    GAF denies the allegations in paragraph 250 of the FAC.

251.    GAF denies the allegations in paragraph 251 of the FAC.

252.    GAF denies the allegations in paragraph 252 of the FAC.

253.    GAF denies the allegations in paragraph 253 of the FAC.

254.    GAF denies that Plaintiffs are entitled to the relief requested in paragraph 254 of the FAC, or to any other relief.  To the extent that paragraph 254 includes any factual or legal allegations, GAF denies them.

255.    To the extent not specifically admitted above, GAF denies any remaining allegations in the FAC.

## AFFIRMATIVE DEFENSES

256.    Subject to its above responses, GAF asserts the following affirmative defenses, without assuming any burden of proof or persuasion on any issue, whether in whole or in part, where such burden(s) would otherwise be borne by Plaintiffs.  GAF expressly reserves the right to assert additional defenses that become known during the course of the litigation.  GAF notes that in the related case of *Eagle View Technologies et al. v. Nearmap US, Inc.*, Case No. 2:21-cv-00283-TS-DAO, Defendant Nearmap US, Inc. has sought leave to assert at least one affirmative defense based on non-public information that is not currently available to GAF, and GAF specifically reserves its right to assert additional defenses based on discovery and/or other confidential materials that are currently unavailable to GAF.

### First Defense (Failure to State a Claim)

257.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Defense (No Infringement)

258.    GAF does not infringe any valid and enforceable claim of the Asserted Patents directly or indirectly, literally or under the doctrine of equivalents.  Plaintiffs are further barred

29

from asserting infringement under the doctrine of equivalents because doing so would ensnare the prior art.

### Third Defense (Invalidity)

259.    The claims of the Asserted Patents asserted by Plaintiffs are invalid for failing to satisfy one or more provisions of the Patent Act, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and any judicially created doctrine of invalidity, including obviousness-type double patenting.

### Fourth Defense (Prosecution History Estoppel)

260.    Plaintiffs are estopped from construing any valid claim of the asserted patents to cover or include, either literally or by application of the doctrine of equivalents, the Accused Product because of statements made to the U.S. Patent and Trademark Office during the prosecution of the applications which led to the issuance of the asserted patents.

### Fifth Defense (Failure to Mark)

261.    On information and belief, Plaintiffs failed to follow the marking requirements set forth in 35 U.S.C. § 287 for at least the '518 and '149 patents.

### COUNTERCLAIMS

262.    Counterclaim-Plaintiff GAF Materials LLC ("GAF") by and through its undersigned attorneys, hereby submit these counterclaims against Counterclaim-Defendants Eagle View Technologies, Inc. ("Eagleview") and Pictometry International Corp. ("Pictometry") (collectively, "Counterclaim-Defendants").

263.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, GAF seeks a declaration that all claims

30

of U.S. Patent Nos. 8,078,436; 8,170,840; 8,209,152; 8,542,880; 8,670,961; 9,129,376; 9,514,568; 10,528,960; and 10,685,149 (collectively, the "Asserted Patents") asserted by Counterclaim-Defendants in this action ("the asserted claims") are invalid and not infringed.

## THE PARTIES

264.    GAF is a Delaware limited liability company with its principal place of business at 1 Campus Drive, Parsippany-Troy Hills, New Jersey 07054.

265.    Upon information and belief, Eagleview is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at 25 Methodist Hill Drive, Rochester, New York 14623.

266.    Upon information and belief, Pictometry International Corp. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 25 Methodist Hill Drive, Rochester, New York 14623.

## JURISDICTION AND VENUE

267.    The counterclaims arise under the Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

268.    The Court has subject-matter jurisdiction over these Counterclaims under at least 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

269.    This Court has personal jurisdiction over Counterclaim-Defendants at least because they have subjected themselves to the jurisdiction of this Court in this case by filing the First Amended Complaint.

270.    Venue in this judicial district for GAF's Counterclaims is proper at least because Counterclaim-Defendants have consented to this venue by asserting claims of patent infringement here against GAF.

## BACKGROUND

271.    Counterclaim-Defendants have filed suit against GAF asserting infringement of certain claims of the Asserted Patents.

272.    GAF has denied that it infringes or has infringed any asserted claim of the Asserted Patents.

273.    GAF has further contested the validity of the asserted claims of the Asserted Patents.

274.    Based on the foregoing, there is an actual, immediate, and justiciable controversy between Counterclaims-Defendants and GAF as to the infringement and validity of the asserted claims of the Asserted Patents.

## COUNT I – NON-INFRINGEMENT OF THE '436 PATENT

275.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

276.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '436 patent.

277.    GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '436 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

32

278.    GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '436 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

<h3 style="text-align:center">COUNT II – INVALIDITY OF THE '436 PATENT</h3>

279.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

280.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '436 patent.

281.    The asserted claims of the '436 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting.  GAF is therefore entitled to a declaration as to the foregoing.

<h3 style="text-align:center">COUNT III – NON-INFRINGEMENT OF THE '840 PATENT</h3>

282.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

283.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '840 patent.

284.    GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '840 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

285. GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '840 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

### COUNT IV – INVALIDITY OF THE '840 PATENT

286. GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

287. Counterclaim-Defendants have asserted infringement of at least claim 1 of the '840 patent.

288. The asserted claims of the '840 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting. GAF is therefore entitled to a declaration as to the foregoing.

### COUNT V – NON-INFRINGEMENT OF THE '152 PATENT

289. GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

290. Counterclaim-Defendants have asserted infringement of at least claim 10 of the '152 patent.

291. GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '152 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

34

292.    GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '152 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

**COUNT VI – INVALIDITY OF THE '152 PATENT**

293.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

294.    Counterclaim-Defendants have asserted infringement of at least claim 10 of the '152 patent.

295.    The asserted claims of the '152 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting.  GAF is therefore entitled to a declaration as to the foregoing.

**COUNT VII – NON-INFRINGEMENT OF THE '880 PATENT**

296.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

297.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '880 patent.

298.    GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '880 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

299.    GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '880 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

## COUNT VIII – INVALIDITY OF THE '880 PATENT

300.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

301.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '880 patent.

302.    The asserted claims of the '880 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting.  GAF is therefore entitled to a declaration as to the foregoing.

## COUNT XI – NON-INFRINGEMENT OF THE '961 PATENT

303.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

304.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '961 patent.

305.    GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '961 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

36

306.    GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '961 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

<b><u>COUNT X – INVALIDITY OF THE '961 PATENT</u></b>

307.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

308.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '961 patent.

309.    The asserted claims of the '961 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting.  GAF is therefore entitled to a declaration as to the foregoing.

<b><u>COUNT XI – NON-INFRINGEMENT OF THE '376 PATENT</u></b>

310.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

311.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '376 patent.

312.    GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '376 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

313.    GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '376 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

## COUNT XII – INVALIDITY OF THE '376 PATENT

314.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

315.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '376 patent.

316.    The asserted claims of the '376 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting.  GAF is therefore entitled to a declaration as to the foregoing.

## COUNT XIII – NON-INFRINGEMENT OF THE '568 PATENT

317.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

318.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '568 patent.

319.    GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '568 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

38

320.    GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '568 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

### COUNT XIV – INVALIDITY OF THE '568 PATENT

321.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

322.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '568 patent.

323.    The asserted claims of the '568 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting.  GAF is therefore entitled to a declaration as to the foregoing.

### COUNT XV – NON-INFRINGEMENT OF THE '960 PATENT

324.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

325.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '960 patent.

326.    GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '960 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

39

327. GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '960 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

## COUNT XVI – INVALIDITY OF THE '960 PATENT

328. GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

329. Counterclaim-Defendants have asserted infringement of at least claim 1 of the '960 patent.

330. The asserted claims of the '960 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting. GAF is therefore entitled to a declaration as to the foregoing.

## COUNT XVII – NON-INFRINGEMENT OF THE '149 PATENT

331. GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

332. Counterclaim-Defendants have asserted infringement of at least claim 1 of the '149 patent.

333. GAF has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '149 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

334.    GAF is therefore entitled to a declaration that it has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '149 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

## COUNT XVIII – INVALIDITY OF THE '149 PATENT

335.    GAF incorporates by reference all preceding and succeeding paragraphs of GAF's Answer and these Counterclaims.

336.    Counterclaim-Defendants have asserted infringement of at least claim 1 of the '149 patent.

337.    The asserted claims of the '149 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity including obviousness-type double-patenting.  GAF is therefore entitled to a declaration as to the foregoing.

## DEMAND FOR JURY TRIAL

338.    GAF requests a trial by jury of all issues that may be properly tried by a jury, and gives notice of its reliance on Plaintiffs' payment of the statutory fee.

## PRAYER FOR RELIEF

WHEREFORE, GAF prays that the Court enter judgment in its favor and against Plaintiffs/Counterclaim-Defendants as follows:

A.  Denying all relief requested by Plaintiffs/Counterclaim-Defendants in the First Amended Complaint;

41

B. Declaring that GAF has not, does not, and will not infringe any valid or enforceable claim of the Asserted Patents;

C. Declaring that the asserted claims of the Asserted Patents are invalid;

D. Granting GAF judgment in its favor on the First Amended Complaint;

E. Denying any request for injunctive relief by Plaintiffs;

F. Denying any request for monetary damages by Plaintiffs;

G. Finding that Plaintiffs lacked a good-faith basis to bring this action;

H. Finding that this case is exceptional under 35 U.S.C. § 285, and awarding GAF its costs and reasonable attorneys' fees; and

I. Awarding any other relief in law or equity as the Court may deem just and proper.

DATED:  December 27, 2022

s/ *Samuel C. Straight*

John M. Neukom (*pro hac vice*)
Kathryn Saba (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA  94108
Tel: (415) 738-5719
jneukom@debevoise.com
ksaba@debevoise.com

Samuel C. Straight
Ray Quinney & Nebeker P.C.
36 South State Street, Ste. 1400
Salt Lake City, UT 84111
Tel.: 801-323-3390
Fax: 801-532-7543
sstraight@rqn.com

Edward L. Tulin (*pro hac vice*)
Gish PLLC
41 Madison Ave, Floor 31
New York, NY 10010
Tel: (212) 518-2332
edward@gishpllc.com

*Attorneys for GAF Materials LLC*

42

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December 2022, a true and correct copy of the foregoing was electronically filed with the CM/ECF system of the U.S. District Court for the District of Utah.  The CM/ECF system sent a Notice of Electronic Filing (NEF) to the attorneys of record, who have consented in writing to accept this NEF as service of this document by electronic means.

Dated:  December 27, 2022

*/s/ Brandy Sears*
Brandy Sears