Michael K. Erickson (12503)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Ste. 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
Tel.: 801-532-1500
Fax: 801-532-7543
merickson@rqn.com

*Attorney for Defendant - Additional counsel listed in signature block*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP.,** | **DEFENDANT'S SHORT-FORM MOTION TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS RELATING TO XACTWARE/VERISK** |
| *Plaintiffs*, <br><br> **v.** | Case No.: 2:22-cv-00215 <br><br> The Honorable Ted Stewart <br> Magistrate Judge Daphne A. Oberg |
| **GAF MATERIALS, LLC,** <br> *Defendant*. | |

Pursuant to DUCivR 37-1(b), Defendant GAF Materials, LLC ("GAF") hereby moves this Court to compel Plaintiffs to produce (i) all written agreements between Plaintiffs and Xactware Solutions Inc. ("Xactware") and/or Verisk Analytics Inc. ("Verisk"); and (ii) Plaintiffs' communications with the FTC regarding Xactware/Verisk.

GAF's RFP 1 seeks all agreements between Plaintiffs and Xactware/Verisk. Plaintiffs produced two: the Settlement Agreement and Integration Agreement that this Court ordered

Plaintiffs to produce in *Eagle View Techs., Inc. v. Nearmap US, Inc.*, No. 2:21-CV-283, 2022 WL 2656752 (D. Utah July 8, 2022).  But Plaintiffs have withheld at least seven other responsive agreements on the grounds that they predate the Settlement Agreement and are therefore irrelevant.  That should be rejected.  These agreements are referenced in the Settlement Agreement and/or Integration Agreement, and therefore are necessary to understand the full context of those documents.  In addition, these agreements (as well as any others that exist, including post-Settlement agreements) are relevant to the merits of GAF's patent misuse defense, as they are likely to reveal Plaintiffs' "contracting patterns" and potential use of anticompetitive devices in "prior relationships."  *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 U.S. Dist. LEXIS 22090, at *18 (D. Kan. Mar. 26, 2007).[1]

GAF's RFP No. 2 seeks communications with regulatory agencies relating to Plaintiffs' relationship with Xactware/Verisk.  The FTC challenged Verisk's proposed acquisition of EagleView in 2014.  *See In re Verisk Analytics, Inc., Insurance Service Office, Inc., and EagleView Technology Corporation*, FTC Dkt. 9363.  Plaintiffs recently informed GAF that they have located communications with the FTC from 2014, but are refusing to produce them.  That is improper.  Those communications are likely to implicate both the scope of Plaintiffs' patent claims and the nature of the market for products covered by Plaintiffs' patents, which is relevant to multiple issues, including damages.  *See, e.g.*, *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-02503, 2018 U.S. Dist. LEXIS 11921, at *36 (D. Mass. Jan. 25, 2018) (citing defendants' representations to the FTC regarding competing products as relevant to

---

[1] The Xactware/Verisk agreements are also relevant to GAF's proposed antitrust counterclaim, as they concern co-conspirators in the alleged anticompetitive conspiracy. *See Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30 TC, 2007 U.S. Dist. LEXIS 55574, at *22 (D. Utah July 30, 2007) (granting motion to compel communications with or about antitrust co-conspirator).

market analysis).  Here too, Plaintiffs should be compelled to produce all such communications, including any that may post-date 2014.

During a meet-and-confer on April 6 between Lillian Mao and Juliette White for Plaintiffs and Ed Tulin and Michael Powell for GAF, Plaintiffs agreed to perform additional searches for documents responsive to RFPs 1-2.  On May 17, GAF followed up, and was told two weeks later that Plaintiffs refused to produce any additional materials for RFP 1, and refused to produce any materials responsive to RFP 2.  On June 8, GAF noted that this refusal was improper, and invited further communications on this issue.  Plaintiffs have not responded.

DATED: June 15, 2023

/s/ *Michael K. Erickson*

John M. Neukom (*pro hac vice*)
Debevoise & Plimpton LLP
650 California Street
San Francisco, CA 94108
Tel: (415) 738-5719
jneukom@debevoise.com

Edward L. Tulin (*pro hac vice*)
Gish PLLC
41 Madison Ave., 31st Flr.
New York, NY 10010
Tel: (212) 518-2332
edward@gishpllc.com

Michael K. Erickson (12503)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Ste. 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
Tel.: 801-532-1500
Fax: 801-532-7543
merickson@rqn.com

*Attorneys for GAF Materials LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2023, a true and correct copy of the foregoing was electronically filed with the CM/ECF system of the U.S. District Court for the District of Utah.  The CM/ECF system sent a Notice of Electronic Filing ("NEF") to the attorneys of record, who have consented in writing to accept this NEF as service of this document by electronic means.

Dated: June 15, 2023

/s/ *Megan Kuchenthal*
Megan Kuchenthal

4