Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> GAF MATERIALS LLC, <br><br> Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S SHORT-FORM MOTION TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS RELATING TO XACTWARE/VERISK** <br><br> Case No. 2:22-cv-00215-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

**Error! Unknown document property name.**

Plaintiffs oppose GAF's motion to compel (Dkt. 141) because it is untimely and seeks irrelevant information.

GAF's motion was not brought within the 45-day period required by DUCivR 37-1(b)(2)(C).  GAF first raised these issues on March 31, 2023, rendering its motion one month late. Ex. 1.  Plaintiffs were unequivocal at the April 6 meet-and-confer that they would not produce the pre-settlement documents GAF now seeks.  Mao Decl. ¶¶ 4–7.  GAF's unexplained delay— until May 17 to "follow[] up" and until June 15 to move to compel—supports "automatic denial" of its motion.  DUCivR 37-1(b)(2)(C).

GAF has not shown relevance of the documents it seeks under RFP 1.  Plaintiffs produced the Settlement Agreement and the contemporaneous Integration Agreement. GAF now seeks business agreements and a non-patent settlement that pre-date the Settlement Agreement, in some instances by more than ten years. While the already-produced Settlement Agreement may be minimally probative of patent damages and is implicated in GAF's patent misuse and antitrust allegations, the earlier agreements are not relevant.  They are not "necessary to understand the full context" of the already-produced agreements, as evidenced by the single reference in the Integration Agreement, which fails to show relevance.  Ex. 2.  Moreover, the agreements here predate the alleged anticompetitive conduct, which stems from the Settlement Agreement, and it is facially implausible that EagleView and Verisk's alleged collusion extends into a prior period when they were actively litigating against each other.  GAF's cited cases are thus distinguishable: *Heartland Surgical Specialty. Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 950282, at *3-4 (D. Kan. Mar. 26, 2007), allowed partial discovery of agreements ***within*** the period of an alleged "pattern of anticompetitive conduct," and *Flying J, Inc. v. TA Operating Corp.*, 2007 U.S. Dist.

1

LEXIS 55574, at *37-39 (D. Utah July 30, 2007), similarly limited the time-period based on the misconduct alleged. GAF's request for old, irrelevant agreements should be rejected. *See Microsoft Corp. v. Immersion Corp.*, 2008 WL 11343447, *3 (W.D. Wash. May 5, 2008) (additional agreements "simply too attenuated from the two primary contracts at issue in this case").

GAF also has not shown relevance of RFP 2. Once again, these documents relate to a different time period and a different issue: the FTC's 2014 investigation of Verisk's proposed acquisition of EagleView. GAF does not explain how this bears on patent scope. And the relevant markets are different: EagleView and Verisk were competitors in the insurance market, whereas GAF and EagleView compete in selling roof reports to roofing contractors. Even the broader market has changed, with many new entrants since 2014, including GAF itself. *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, 2018 U.S. Dist. LEXIS 11921 (D. Mass. Jan. 25, 2018), is thus distinguishable: there, the court referenced post-hoc communications while the FTC was investigating the same conduct. *Id.* at *33-34. GAF has not demonstrated the relevance of FTC communications regarding a different issue, long pre-dating the alleged anticompetitive activity and the relevant damages market.

GAF's motion should be denied in its entirety.

Dated: June 23, 2023

/s/ Juliette P. White
Juliette P. White
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

2

**Error! Unknown document property name.**

L. Kieran Kieckhefer
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8337
KKieckhefer@gibsondunn.com

Lillian J. Mao
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
lillian.mao@shearman.com

Eric S. Lucas
SHEARMAN & STERLING LLP
599 Lexington Ave.
New York, NY 10022
Telephone: 212.838.4955
Fax: 646.848.4955
eric.lucas@shearman.com

*Attorneys for Plaintiffs  Eagle View Technologies, Inc. and Pictometry International Corp.*

3

**Error! Unknown document property name.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of June 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification to all counsel of record.

/s/ Juliette P. White

Error! Unknown document property name.