IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br> v. <br><br> GAF MATERIALS, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS <br><br> Case No. 2:22-cv-00215-TS-DAO <br><br> Judge Ted Stewart <br> Magistrate Judge Daphne A. Oberg |

This matter comes before the Court on Defendant GAF Materials, LLC's Motion for Leave to File First Amended Answer and Counterclaims.[1] For the reasons discussed herein, the Court will grant the Motion.

I. BACKGROUND

Plaintiffs, Eagle View Technologies, Inc. and Pictometry International Corp. ("Eagle View"), sue Defendant alleging infringement of nine patents related to aerial roof top measurement. Defendant seeks to amend its Answer to include the defenses of patent misuse and inequitable conduct and to add an antitrust counterclaim. Defendant's Motion was timely filed on April 18, 2023, before the deadline to amend pleadings expired.[2] Plaintiffs do not oppose the addition of the defenses but argue that the antitrust counterclaim would cause undue prejudice. Defendant asserts that the new defenses and counterclaim are based on materials it received since

---

[1] Docket No. 115.

[2] *Id.* at 4.

filing its original Answer on December 27, 2022.[3] Fact discovery is currently scheduled to close October 3, 2023.[4]

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure instruct that "court[s] should freely give leave" to amend "when justice so requires."[5] "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given."[6]

## III. DISCUSSION

Because Plaintiffs do not oppose Defendant's proposed additions of the patent misuse and inequitable conduct defenses,[7] and the Motion was timely filed, the Court will grant the Motion as to the defenses.

Turning to the proposed counterclaim, Defendant seeks to amend its Answer to add an antitrust counterclaim under § 1 of the Sherman Act,[8] alleging that Plaintiffs have engaged in anticompetitive conduct resulting in harm to competition, consumers, and interstate commerce.[9] Central to the proposed amendment is a previous, non-public settlement between Verisk

---

[3] *Id.* at 2.

[4] *Id.* at 4.

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted); *Frank v. U.S. W. Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[7] Docket No. 127, at 5 & n.1.

[8] 15 U.S.C. § 1.

[9] Docket No. 115, at 3.

Analytics, Inc. and Xactware Solutions, Inc. (collectively "Verisk") and Eagle View.[10] Plaintiffs argue that the Defendant's proposed amendment would cause undue prejudice, specifically by expanding the scope of the case and the factual issues to be litigated and delaying the resolution of the case.

"[The] most important [ ] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[11] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[12] "A need to reopen discovery, a delay in proceedings, or the addition of complaints or parties are indicators of prejudice."[13] When "claims are different in form, [but] there is a significant overlap in the factual underpinnings and defenses,"[14] the Tenth Circuit has concluded there is not undue prejudice.

"[T]o state a claim for a Sherman Act § 1 violation, 'the plaintiff must allege facts which show: the defendant entered a contract, combination or conspiracy that unreasonably restrains trade in the relevant market.'"[15] Defendant asserts that the inquiry required for the proposed counterclaim substantially overlaps with the inquiry involved in patent infringement lost profit damages because Plaintiffs would have to prove the absence of acceptable non-infringing

---

[10] Docket No. 115-2 ¶¶ 283–84.

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[12] *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[13] *US Magnesium, LLC v. ATI Titanium, LLC*, No. 2:17-cv-00923-HCN-PMW, 2020 WL 2616212, at *2 (D. Utah May 22, 2020).

[14] *Minter*, 451 F.3d at 1208.

[15] *Full Draw Prods. v. Easton Sports, Inc.*, 182 F.3d 745, 756 (10th Cir. 1999) (quoting *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 965 F.2d 1022, 1027 (10th Cir. 1992)).

substitutes, among other factors.[16] This necessitates inquiry into the relevant market and Eagle View's competitors.

Defendant also argues there is substantial overlap between the patent misuse defense and the antitrust counterclaim. Patent misuse is a "patentee's act of 'impermissibly broaden[ing] the physical or temporal scope of the patent grant with anticompetitive effect.'"[17] Plaintiffs in turn assert that the misuse defense and antitrust counterclaim, though both based on the confidential settlement, will require different inquiries, with the misuse defense focusing on a legal inquiry of the scope of the settlement, and the counterclaim centering around a factual inquiry of the effect of the settlement on the market and GAF specifically.

"Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case."[18] This is not the case here. The Court finds that there is significant overlap particularly between the counterclaim and the patent misuse defense, and also with the lost profit damage analysis. The scope of discovery for the counterclaim may not neatly overlap with the existing claims or defenses, but the overlap will likely be substantial. The Court therefore does not find that the addition of the antitrust counterclaim will unduly prejudice Plaintiffs.

---

[16] *See Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1263–64 (Fed. Cir. 2013) (discussing the four-factor test required to prove that "but for the infringement, [the patentee] would have made the sales that were made by the infringer") (internal quotation marks and citation omitted).

[17] *Princo Corp v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010) (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986)).

[18] *Nautilus, Inc v. ICON Health & Fitness, Inc.*, No. 1:17-cv-00154-DN, 2018 WL 4208072, at *3 n.44 (D. Utah Sept. 4, 2018) (citation omitted).

Plaintiffs also argue that because the antitrust counterclaim would be bifurcated from the patent infringement claims at trial, the Court should not allow the amendment. Defendant counters that bifurcation is a separate issue for the Court to consider in the future, if necessary, by assessing the relevant factors.[19] The Court agrees with Defendant. While there are plenty of cases in which courts use their discretion to bifurcate antitrust or other claims from patent infringement claims, there is no requirement that a court bifurcate such claims at trial.[20] Further, many of the cases involving bifurcation of antitrust counterclaims from patent infringement claims also involve a patent misuse defense considered in conjunction with the antitrust counterclaims.[21] As stated, Defendant is adding a patent misuse defense to its Answer, and Plaintiffs are not contesting the addition. Therefore, the Court declines to consider bifurcation issues in assessing this Motion to Amend.

Plaintiffs assert that the counterclaim will also cause undue prejudice by prolonging discovery and delaying resolution of the case. While "a need to reopen discovery, [or] a delay in proceedings . . . are indicators of prejudice,"[22] "[c]ourts typically find prejudice only when the

---

[19] Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.")

[20] *Audio MPEG, Inc. v. Dell Inc.*, 254 F. Supp. 3d 798, 804 (E.D. Va. 2017) ("[D]istrict courts are not required to bifurcate patent claims and antitrust claims and retain 'considerable discretion in determining whether the severance of antitrust and patent issues would best serve the convenience of the parties, avoid prejudice, and minimize expense and delay.") (quoting *In re Theodor Groz & Sohne*, 972 F.2d 1352, 1992 WL 188908, at *2 (Fed. Cir. May 18, 1992) (unpublished)).

[21] *See, e.g.*, *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 863 (Fed. Cir. 1996) (noting that the lower court bifurcated the trial into an infringement trial and then an antitrust trial in which the antitrust counterclaim and patent misuse defense were tried); *W.L. Gore & Assocs., Inc v. Int'l Med. Prosthetics Res. Assocs., Inc.*, 975 F.2d 858, 860 (Fed. Cir. 1992) (noting the same).

[22] *US Magnesium*, 2020 WL 2616212, at *2.

amendment unfairly affects the [nonmoving party] 'in terms of preparing their defense to the amendment.'"[23] Here, Defendant's Motion was timely and made nearly six months before the close of fact discovery. Therefore, the Court does not find that the delay will be so significant as to constitute undue prejudice and will grant the Motion.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Leave to File First Amended Answer and Counterclaims (Docked No. 115) is GRANTED. It is further

ORDERED that Defendant file an amended answer within fourteen (14) days of this Order.

DATED July 17, 2023.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[23] *Minter*, 451 F.3d at 1208 (quoting *Patton*, 443 F.2d at 86).