Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> GAF MATERIALS LLC, <br><br> Defendant. | Case No.: 2:22-cv-00215-TS-DAO <br><br> **PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS EAGLE VIEW TECHNOLOGIES INC. AND PICTOMETRY INTERNATIONAL CORP.'S ANSWER TO THE FIRST AMENDED COUNTERCLAIMS** <br><br> **The Honorable Ted Stewart** <br> **Magistrate Judge Daphne A. Oberg** |

Plaintiffs and Counterclaim-Defendants Eagle View Technologies Inc. ("EagleView") and Pictometry International Corp. ("Pictometry") (collectively "Plaintiffs"), through their undersigned counsel, hereby answer the First Amended Counterclaims (Dkts. 166, 167 ¶¶ 294 *et seq.*) of GAF Materials LLC ("GAF") and respond to the allegations and characterizations in the following paragraphs:

### ANSWER TO COUNTERCLAIMS

294.    Plaintiffs admit that GAF purports to bring counterclaims against EagleView and Pictometry, but deny that those claims have merit.

295.    Plaintiffs admit that GAF purports to seek a declaration that all claims of U.S. Patent Nos. 8,078,436; 8,170,840; 8,209,152; 8,542,880; 8,670,961; 9,129,376; 9,514,568; 10,528,960; and 10,685,149 (collectively, the "Asserted Patents") are invalid, not infringed, and unenforceable but deny that GAF is entitled to such a declaration.

296.    Plaintiffs admit that GAF purports to seek relief under the Clayton Act but deny that GAF is entitled to such relief.

## THE PARTIES

297.    Plaintiffs admit that, to the best of their knowledge, the allegations in this paragraph are correct.

298.    Plaintiffs admit that EagleView is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at 25 Methodist Hill Drive, Rochester, New York 14623.

299.    Plaintiffs admit that Pictometry is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 25 Methodist Hill Drive, Rochester, New York 14623.

## OTHER RELEVANT ENTITIES

300.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the allegations.

301.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the allegations.

302.    To the extent the allegations in Paragraph 302 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading

is required, Plaintiffs deny the allegations in Paragraph 302.

303.    No response is required to this paragraph  but insofar as any responsive pleading is required, Plaintiffs deny the allegations in Paragraph 303.

## JURISDICTION AND VENUE

304.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that GAF purports to plead jurisdiction pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

305.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that GAF purports to plead jurisdiction pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26.

306.    This paragraph contains legal conclusions to which no response is required.

307.    This paragraph contains legal conclusions to which no response is required.

308.    This paragraph contains legal conclusions to which no response is required. To the extent an response is required, Plaintiffs admit that they filled the First Amended Complaint in this case, and deny the remaining allegations of this paragraph.

309.    This paragraph contains legal conclusions to which no response is required. To the extent an response is required, Plaintiffs admit that they are asserting claims of patent infringement against GAF, and deny the remaining allegations of this paragraph.

## BACKGROUND

310.    Plaintiffs admit that they have filed suit against GAF asserting infringement of certain claims of the Asserted Patents.

3

311. Plaintiffs admit that GAF purports to deny that it infringes or has infringed any asserted claim of the Asserted Patents.

312. Plaintiffs admit that GAF purports to contest the validity and enforceability of the asserted claims of the Asserted Patents.

313. This paragraph contains legal conclusions to which no response is required.

314. Plaintiffs admit that EagleView sells rooftop aerial measurement products in the United States. Except to the extent expressly admitted, Plaintiffs deny the allegations in this paragraph.

315. Plaintiffs admit that Paragraph 315 selectively cites or quotes out of context statements that purportedly appear in the court record in the prior and separate action *Eagle View Technologies, Inc. et al. v. Xactware Solutions, Inc.*, Case No. 15-cv-7025 (RMB-SAK). Except to the extent expressly admitted, Plaintiffs deny the allegations in Paragraph 315.

316. Plaintiffs admit that EagleView sells and has sold aerial imagery, property measurements data, and drone-based visual inspection products to customers in various industries under various marketing names. Except to the extent expressly admitted, Plaintiffs deny the allegations in Paragraph 316.

317. Plaintiffs admit that EagleView has a database of imagery and that EagleView has on at least one occasion described itself in marketing materials as a "leader and industry standard for customers who need property-specific imagery and data." Except to the extent expressly admitted, Plaintiffs deny the allegations in Paragraph 317.

318. Plaintiffs admit that the price points at which EagleView has offered rooftop aerial measurement products have changed over time and that EagleView offers faster delivery

of reports for an additional fee.  Except to the extent expressly admitted, Plaintiffs deny the allegations in Paragraph 318.

319.    To the extent the allegations in Paragraph 319 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Plaintiffs deny the allegations in Paragraph 319 related to EagleView.  To the extent the allegations in Paragraph 319 are related to the third party Verisk Analytics, Inc ("Verisk"), Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, deny them.

320.     Plaintiffs admit that in September 2015, EagleView filed a patent infringement suit against Verisk and Xactware Solutions, Inc. ("Xactware") in the U.S. District Court for the District of New Jersey.

321.    Plaintiffs admit that Paragraph 321 selectively cites out of context statements that purportedly appear in the court record in the prior and separate action *Eagle View Technologies, Inc. et al. v. Xactware Solutions, Inc.*, Case No. 15-cv-7025 (RMB-SAK), which speaks for itself.  Except to the extent expressly admitted, Plaintiffs deny the allegations in Paragraph 321.

322.    Plaintiffs admit that Paragraph 322 selectively cites out of context statements that purportedly appear in the court records in two prior and separate action, *Eagle View Technologies, Inc. et al. v. Xactware Solutions, Inc.*, Case No. 15-cv-7025 (RMB-SAK) and *Eagle View Technologies, Inc. et al. v. Xactware Solutions., et al.*, Case No. 21-1048 (Fed. Cir.), which speak for themselves.  Except to the extent expressly admitted, Plaintiffs deny the allegations in Paragraph 322.

323.    Plaintiffs admit that Paragraph 323 selectively cites out of context statements that purportedly appear in the Opening Brief for Appellants in the prior and separate action, *Eagle View Technologies, Inc. et al. v. Xactware Solutions., et al.*, Case No. 21-1048 (Fed. Cir.), which speaks for itself.  Except to the extent expressed admitted, Plaintiffs deny the allegations in Paragraph  323.

324.    Plaintiffs admit that Paragraph 324 selectively cites out of context statements that purportedly are from the oral argument in the prior and separate action  *Eagle View Technologies, Inc. et al. v. Xactware Solutions., et al.*, Case No. 21-1048 (Fed. Cir.), which speaks for itself.  Except to the extent expressed admitted, Plaintiffs deny the allegations in Paragraph  324.

325.    Plaintiffs admit that, on November 5, 2021, EagleView, Verisk, and Xactware announced the settlement of the patent litigation referenced in Paragraphs 320—324.  To the extent that the allegations in Paragraph 325 purport to characterize or describe the Settlement Agreement, Plaintiffs deny any characterization or description of that agreement.  Except to the extent expressed admitted, Plaintiffs deny the allegations in Paragraph 325.

326.    To the extent that the allegations in Paragraph 326 purport to characterize or describe agreements among EagleView, Verisk and Xactware, Plaintiffs deny any characterization or description of those agreements.  Plaintiffs note that the Settlement Agreement was produced in discovery and speaks for itself.  Plaintiffs otherwise deny the allegations in Paragraph 326.

327.    The allegations in Paragraph 327 contain legal conclusions such that no responsive pleading is required.  To the extent that Paragraph 327 purports to characterize or

describe provisions of the Settlement Agreement, Plaintiffs deny any characterization or description and note that the Settlement Agreement speaks for itself. Insofar as any responsive pleading is required, Plaintiffs deny the allegations in Paragraph 327.

328. Plaintiffs admit that the confidential Settlement Agreement was not docketed in the court record in *Eagle View Technologies, Inc. et al. v. Xactware Solutions, Inc.*, Case No. 15-cv-7025 (RMB-SAK). Plaintiffs further admit that Paragraph 328 purportedly cites and selectively quotes out of context a filing in that prior and separate action, which speaks for itself. Except to the extent expressly admitted, Plaintiffs deny the allegations in Paragraph 328.

329. Plaintiffs admit that Paragraph 329 selectively quotes out of context statements that are purportedly contained in the Settlement Agreement. To the extent that Paragraph 329 purports to characterize or describe provisions of the Settlement Agreement, Plaintiffs deny any characterization or description and note that the Settlement Agreement speaks for itself. Plaintiffs otherwise deny the allegations in Paragraph 329.

330. Plaintiffs admit that Paragraph 330 selectively quotes out of context statements that are purportedly contained in the Settlement Agreement. To the extent that Paragraph 330 purports to characterize or describe provisions of the Settlement Agreement, Plaintiffs deny any characterization or description and note that the Settlement Agreement speaks for itself. Plaintiffs otherwise deny the allegations in Paragraph 330.

331. Plaintiffs admit that Paragraph 331 selectively quotes out of context statements that are purportedly contained in the Settlement Agreement. To the extent that Paragraph 331 purports to characterize or describe provisions of the Settlement Agreement, Plaintiffs deny any characterization or description and note that the Settlement Agreement speaks for itself.

Plaintiffs otherwise deny the allegations in Paragraph 331.

332.    Plaintiffs admit that Paragraph 332 selectively quotes out of context statements that are purportedly contained in the Settlement Agreement.  To the extent that Paragraph 332 purports to characterize or describe provisions of the Settlement Agreement, Plaintiffs deny any characterization or description and note that the Settlement Agreement speaks for itself. Plaintiffs otherwise deny the allegations in Paragraph 332.

333.    Plaintiffs deny the allegations in Paragraph 333.

334.    Plaintiffs deny the allegations in Paragraph 334.

335.    Plaintiffs deny the allegations in Paragraph 335.

336.    Plaintiffs deny the allegations in Paragraph 336.

337.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the speculative allegations in Paragraph 337, and, on that basis, deny them.

338.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338, and, on that basis, deny them.

339.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, and, on that basis, deny them.

340.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340, and, on that basis, deny them.

341.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341, and, on that basis, deny them.

342.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342, and, on that basis, deny them.

343. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343, and, on that basis, deny them.

344. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344, and, on that basis, deny them.

345. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345, and, on that basis, deny them.

346. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346, and, on that basis, deny them.

347. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347, and, on that basis, deny them.

348. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348, and, on that basis, deny them.

349. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349, and, on that basis, deny them.

350. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, and, on that basis, deny them.

351. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351, and, on that basis, deny them.

352. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352, and, on that basis, deny them.

353. Plaintiffs admit that Paragraph 353 selectively cites out of context statements that purportedly appear in the court record in the prior and separate action *Eagle View*

*Technologies, Inc. et al. v. Xactware Solutions, Inc.*, Case No. 15-cv-7025 (RMB-SAK). Except to the extent expressly admitted, Plaintiffs deny the allegations in Paragraph 353.

354. Plaintiffs admit that it has previously engaged in negotiations with GAF. Plaintiffs otherwise deny the allegations in Paragraph 354.

355. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355, and, on that basis, deny them.

356. Plaintiffs deny that EagleView has entered into any "unlawful agreement to allocate the U.S. market for rooftop aerial measurement products." Plaintiffs lack knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 356 and, on that basis, deny them.

357. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357, and, on that basis, deny them.

358. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358, and, on that basis, deny them.

359. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359, and, on that basis, deny them.

360. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360, and, on that basis, deny them.

361. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361, and, on that basis, deny them.

362. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362, and, on that basis, deny them.

363. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363, and, on that basis, deny them.

364. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364, and, on that basis, deny them. Plaintiffs also aver that the allegations of Paragraph 364 are vague and incapable of a response.

365. To the extent that the allegations in Paragraph 365 are legal conclusions and characterizations, no responsive pleading is required. Plaintiffs also aver that the allegations of Paragraph 365 are vague and incapable of a response. Insofar as any responsive pleading is required, Plaintiffs deny the allegations in Paragraph 356.

366. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366, and, on that basis, deny them.

367. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367, and, on that basis, deny them.

368. Plaintiffs deny the alleged conspiracy referenced in Paragraph 368. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remainder of the speculative allegations in Paragraph 368 and, on that basis, deny them.

369. Plaintiffs deny the allegations in Paragraph 369.

370. Plaintiffs deny the allegations in Paragraph 370.

371. Plaintiffs deny the allegations in Paragraph 371.

372. Plaintiffs admit that EagleView has rooftop aerial measurement products in each of 2021, 2022, and 2023. Plaintiffs deny the remainder of the allegations in Paragraph 372.

373.    Plaintiffs deny the allegations in Paragraph 373.

374.    Plaintiffs deny the allegations in Paragraph 374.

375.    Plaintiffs admit that Paragraph 375 selectively cites out of context statements that purportedly appear in the court record in the prior and separate action *Eagle View Technologies, Inc. et al. v. Xactware Solutions, Inc.*, Case No. 15-cv-7025 (RMB-SAK). Plaintiffs deny the remainder of the allegations in Paragraph 375.

376.    Plaintiffs deny the allegations in Paragraph 376.

377.    Plaintiffs deny the allegations in Paragraph 377.

378.    Plaintiffs deny the allegations in Paragraph 378.

379.    Plaintiffs admit that EagleView sells rooftop aerial measurement products in the United States.  Plaintiffs deny the remainder of the allegations in Paragraph 379.

380.    Plaintiffs deny the allegations in Paragraph 380.

381.    Plaintiffs deny the allegations in Paragraph 381.

382.    Plaintiffs deny the allegations in Paragraph 382.

### COUNT I – NON-INFRINGEMENT OF THE '436 PATENT

383.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

384.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 8,078,436.

385.    Denied.

386.    Denied.

## COUNT II – INVALIDITY OF THE '436 PATENT

387.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

388.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 8,078,436.

389.    Denied.

## COUNT III – NON-INFRINGEMENT OF THE '840 PATENT

390.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

391.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 8,170,840.

392.    Denied.

393.    Denied.

## COUNT IV – INVALIDITY OF THE '840 PATENT

394.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

395.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 8,170,840.

396.    Denied.

## COUNT V – NON-INFRINGEMENT OF THE '152 PATENT

397.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

398.    Plaintiffs admit that they have asserted GAF infringes at least claim 10 of U.S. Patent No. 8,209,152.

399.    Denied.

400.    Denied.

## COUNT VI – INVALIDITY OF THE '152 PATENT

401.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

402.    Plaintiffs admit that they have asserted GAF infringes at least claim 10 of U.S. Patent No. 8,209,152.

403.    Denied.

## COUNT VII – NON-INFRINGEMENT OF THE '880 PATENT

404.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

405.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 8,542,880.

406.    Denied.

14

407.    Denied.

### COUNT VIII – INVALIDITY OF THE '880 PATENT

408.    No response is required to this paragraph. To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

409.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 8,542,880.

410.    Denied.

### COUNT XI – NON-INFRINGEMENT OF THE '961 PATENT

411.    No response is required to this paragraph. To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

412.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 8,670,961.

413.    Denied.

414.    Denied.

### COUNT X – INVALIDITY OF THE '961 PATENT

415.    No response is required to this paragraph. To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

416.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 8,670,961.

417.    Denied.

### COUNT XI – NON-INFRINGEMENT OF THE '376 PATENT

418.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

419.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 9,129,376.

420.    Denied.

421.    Denied.

### COUNT XII – INVALIDITY OF THE '376 PATENT

422.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

423.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 9,129,376.

424.    Denied.

### COUNT XIII – NON-INFRINGEMENT OF THE '568 PATENT

425.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

426.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 9,514,568.

427.    Denied.

428.    Denied.

## COUNT XIV – INVALIDITY OF THE '568 PATENT

429.    No response is required to this paragraph. To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

430.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 9,514,568.

431.    Denied.

## COUNT XV – NON-INFRINGEMENT OF THE '960 PATENT

432.    No response is required to this paragraph. To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

433.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 10,528,960.

434.    Denied.

435.    Denied.

## COUNT XVI – INVALIDITY OF THE '960 PATENT

436.    No response is required to this paragraph. To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

437.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S.

Patent No. 10,528,960.

438.    Denied.

### COUNT XVII – NON-INFRINGEMENT OF THE '149 PATENT

439.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

440.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 10,685,149.

441.    Denied.

442.    Denied.

### COUNT XVIII– INVALIDITY OF THE '149 PATENT

443.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

444.    Plaintiffs admit that they have asserted GAF infringes at least claim 1 of U.S. Patent No. 10,685,149.

445.    Denied.

### COUNT XIX – UNENFORCEABILITY OF THE '880 PATENT

446.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

447.    To the extent that the allegations in Paragraph 447 are legal conclusions and

18

characterizations, no responsive pleading is required.  Insofar as any response is required, Plaintiffs deny the allegations in Paragraph 447.

448.    Plaintiffs deny that GAF is entitled to declaratory judgment that the asserted rights of the '880 patent are unenforceable.

## COUNT XX – UNENFORCEABILITY OF THE ASSERTED PATENTS DUE TO PATENT MISUSE

449.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

450.    To the extent that the allegations in Paragraph 450 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, Plaintiffs deny the allegations in Paragraph 450.

451.    Plaintiffs deny that GAF is entitled to declaratory judgment that the asserted rights of the '880 patent are unenforceable.

## COUNT XXI – VIOLATION OF 15 U.S.C. § 1

452.    No response is required to this paragraph.  To the extent a response is required, Plaintiffs incorporate each of their responses in the foregoing paragraphs, as though fully set forth herein.

453.    Plaintiffs deny the allegations of Paragraph 453.

454.    Plaintiffs deny the allegations in Paragraph 454.

455.    Plaintiffs deny the allegations in Paragraph 455.

456.    Plaintiffs deny the allegations in Paragraph 456.

19

457.    Plaintiffs deny the allegations in Paragraph 457.

## DEMAND FOR JURY TRIAL

458.    No response is required to this paragraph.  To the extent an answer is required, Plaintiffs respectfully demand a trial by jury for all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

Plaintiffs deny that GAF is entitled to any relief sought in the Counterclaims or any relief whatsoever, including the purported relief set out in (A) through (N) of GAF's Prayer for Relief.

## GENERAL DENIAL

Plaintiffs deny each and every allegation contained in the Counterclaims to which they have not specifically responded to or expressly admitted above.

## PLAINTIFFS' DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Plaintiffs, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production on any defense, hereby asserts the following defenses:

### First Defense

### (Failure to State a Cause of Action)

The First Amended Answer and Counterclaims and the purported causes of actions therein fail, in whole or in part, to state a claim for which relief can be granted.

### Second Defense

### (Legitimate Business Justification)

20

Plaintiffs allege that, without admitting any liability whatsoever, at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

### Third Defense

### (No Injury or Antitrust Injury)

GAF's claims are barred, in whole or in part, because GAF has not suffered any injury in fact or antitrust injury as a result of any conduct by Plaintiffs.

### Fourth Defense

### (Causation)

GAF's claims are barred, in whole or in part, because of a lack of causation, including without limitation because any injuries that may have been suffered were caused solely or proximately by the intervening and superseding acts and omissions of others over whom Plaintiffs have no power, authority, or control, including GAF itself.

### Fifth Defense

### (Protected Rights – Intellectual Property & Other Statutes)

GAF's claims are barred, in whole or in part, insofar as it makes claims or seeks remedies that conflict with Plaintiffs' protected rights under the United States patent laws. GAF's claims are barred, in whole or in part, insofar as the alleged conduct falls within the scope of Plaintiffs' valid patent rights that are attributable to Plaintiffs' valid patent portfolio.

## Additional Defenses

Plaintiffs presently have insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses.  Plaintiffs have not yet knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to it through discovery in this matter. Plaintiffs reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of GAF's First Amended Answer and Counterclaims, through discovery, or through further legal analysis of GAF's position in this litigation.


Dated:  August 4, 2023

/s/ Juliette P. White
Juliette P. White
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
Lillian J. Mao
Gibson, Dunn & Crutcher
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8337
Fax: 415.801.7404
kkieckhefer@gibsondunn.com
lmao@gibsondunn.com

*Attorneys for Plaintiffs  Eagle View Technologies, Inc. and Pictometry International Corp.*


22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of August, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification to all counsel of record.

/s/  Juliette P. White