Michael K. Erickson (12503)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Ste. 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
Tel.: 801-532-1500
Fax: 801-532-7543
merickson@rqn.com

*Attorney for Defendant - Additional counsel listed in signature block*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP.,** | **DEFENDANT'S SHORT-FORM MOTION TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS SUFFICIENT TO IDENTIFY THIRD-PARTIES THAT DESIGNED, DEVELOPED, MANUFACTURED, OR SOLD PLAINTIFFS' PRODUCTS** |
| ***Plaintiffs*,** | |
| **v.** | Case No.: 2:22-cv-00215 |
| | The Honorable Ted Stewart |
| | Magistrate Judge Daphne A. Oberg |
| **GAF MATERIALS, LLC,** | |
| ***Defendant*.** | |

Pursuant to DUCivR 37-1(b), Defendant ("GAF") moves to compel Plaintiffs to produce

documents sufficient to identify the third-parties that have developed, manufactured, or sold

Plaintiffs' products that Plaintiffs contend practice the asserted patents ("Plaintiffs' Products"). In

response to RFP 28, which sought the foregoing materials, Plaintiffs agreed to produce documents

sufficient to identify only (i) those involved in the "design or development" of Plaintiffs' Products

prior to 2009; (ii) suppliers of aerial imagery prior to 2013; and (ii) those who sold Plaintiffs' Products since 2019.  Plaintiffs have thus improperly imposed both temporal and subject-matter limitations.  Having placed their own products at issue, Plaintiffs cannot now refuse to identify the third-parties that designed, developed, manufactured, or sold those products.

The documents that Plaintiffs refuse to produce are relevant because Plaintiffs intend to rely on the alleged commercial success and industry praise of the Products to show that the asserted patents are valid.  In other words, Plaintiffs will argue that the success of those Products indicates that those patents are non-obvious.  (*See, e.g.*, Dkt. 11 ¶¶ 34-35 (alleging that the Products were commercially successful, including in the 2012-2013 timeframe).)  GAF maintains that any such success was not due to patented features, but rather other factors (such as third-party manufacturing, exclusive third-party relationships, marketing, or non-patented features of those products).  Identifying the third-parties responsible for (or at least who contributed to) the alleged commercial success of the Products thus goes to the heart of whether the asserted patents are obvious.  *Sunrise Med. (US) LLC v. Permobil Holding AB,* No. 11-CV-01560-CMA-MJW, 2012 WL 385537, at *2 (D. Colo. Feb. 7, 2012) (granting motion to compel discovery relating to whether commercial success of patentee's products was "attributable to features other than the patented" elements).

Plaintiffs have suggested that they have thousands of vendors, and that it would be too burdensome to produce documents related to them.  But GAF has sought only documents sufficient to identify Plaintiffs' vendors, and only for the products and timeframe that Plaintiffs placed at issue.  *See Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 U.S. Dist. LEXIS 184497, at *11-14 (D. Colo. Jan. 30, 2017) (declining to quash subpoena seeking vendor-related

information because it was likely to be "easily" accessible).

Plaintiffs served objections and responses to RFP 28 on May 24, and GAF promptly identified why those were inadequate on June 6. (Tulin Decl. ¶ 3.) The parties were not able to meet-and-confer until July 14. (*Id.* ¶¶ 4-7.) Kieran Kieckhefer, Lillian Mao, Neema Jalali, Edward Tulin, and Michael Powell attended the meet-and-confer. After exchanging correspondence, on August 17, Plaintiffs agreed to produce only a subset of responsive documents. (*Id.* ¶¶ 8-16.) After still more correspondence, Edward Tulin and Mike Erickson from GAF and Juliette White and Lillian Mao met-and-conferred on August 24, but could not reach a resolution, including in follow-up correspondence. (*Id.* ¶¶ 17-22.) Plaintiffs agreed that they would not object to this motion as untimely. (*Id.* ¶ 6.)

DATED:  September 11, 2023                    s/ *Michael K. Erickson*_____

John M. Neukom (*pro hac vice*)              Michael K. Erickson (12503)
Yuqing Cui (*pro hac vice*)                  RAY QUINNEY & NEBEKER P.C.
Debevoise & Plimpton LLP                     36 South State Street, Ste. 1400
650 California Street                        P.O. Box 45385
San Francisco, CA  94108                     Salt Lake City, UT 84145-0385
Tel: (415) 738-5700                          Tel.: 801-532-1500
jneukom@debevoise.com                        Fax: 801-532-7543
ycui@debevoise.com                           merickson@rqn.com


Edward David Hassi (*pro hac vice*)
Leah S. Martin (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Ave N.W. Ste 500            *Attorneys for GAF Materials LLC*
Washington, DC 20004
Tel: (202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com


Edward L. Tulin (*pro hac vice*)
Michael M. Powell (*pro hac vice*)
Gish PLLC
41 Madison Ave, Floor 31
New York, NY 10010
Tel: (212) 518-2000
edward@gishpllc.com
michael@gishpllc.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2023, a true and correct copy of the foregoing was electronically filed with the CM/ECF system of the U.S. District Court for the District of Utah.  The CM/ECF system sent a Notice of Electronic Filing ("NEF") to the attorneys of record, who have consented in writing to accept this NEF as service of this document by electronic means.

Dated: September 11, 2023                              /s/ *Megan Kuchenthal*

                                                       Megan Kuchenthal