Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> GAF MATERIALS LLC, <br><br> Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S SHORT-FORM MOTION TO COMPEL PLAINTIFFS TO PRODUCE A 30(b)(6) WITNESS TO ADDRESS SEARCHES AND REPOSITORIES RELATING TO EFS** <br><br> Case No. 2:22-cv-00215-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

GAF's motion to compel (Dkts. 230, 232) should be denied.  EagleView has already agreed to provide testimony relating to how Pictometry has stored its documents over time, which answers GAF's purported need "to understand what happened to the substantial volume of information" it alleges existed (Mot. at 4) and fully responds to Topics 13 and 15 of GAF's 30(b)(6) notice.  By contrast, GAF's Topic 14, which seeks highly intrusive discovery into "the nature of the searches" that counsel have performed in connection with this litigation, is an unjustified request for discovery-on-discovery, which should be denied by the Court.

### **Background[1]**

First, to correct GAF's mischaracterizations, EagleView provides the following brief factual background: Pictometry was, and is, primarily in the business of capturing aerial imagery and licensing that imagery to customers.  As part of that business, Pictometry developed viewing software called Electronic Field Study or "EFS" that customers could use to view the licensed imagery.  As part of contracts with customers regarding the imagery, Pictometry sometimes provides EFS to those customers.  Far from being Pictometry's "signature product" (Mot. at 4), EFS was an add-on provided for the convenience of Pictometry's imagery customers.  To call such imagery contracts "EFS licenses," as GAF does throughout its motion, is letting the tail wag the dog.  Regardless, however, EagleView has already produced multiple such contracts, as GAF's own exhibits demonstrate.[2]

---

[1] Pursuant to paragraph 7 of the Court's Discovery Management Order (Dkt. 112) and in response to GAF's request for a 2000-word limit, Plaintiffs respectfully request leave to file this 1993-word response.

[2] As just one example, an agreement attached to GAF's motion shows that Pictometry charged the customer a license fee for imagery (based on the number of sectors) but no license fee for EFS. Tulin Decl., Ex. B at EV01760331-32.

1

GAF has contended in this litigation that EFS is invalidating prior art to the '880 patent and that EFS renders the '880 patent unenforceable because the applicant allegedly failed to disclose EFS to the patent office during prosecution.[3]  In response to GAF's document requests, EagleView produced over 20,000 documents relating to EFS, including user guides that were provided to customers and the software license that is displayed within the EFS application.

GAF then moved to compel additional documents, requesting contracts relating to EFS. The Court ordered "a renewed search based on meeting and conferral between the parties" but denied any discovery-on-discovery, which "requires a factual basis more than speculation" that documents still exist.  7/3/2023 Hearing Tr. at 23.  The parties then discussed repositories, customers, and Pictometry employees, all of which EagleView took into account in crafting its search strategy.  Based on its further search, which included a manual review of hard copy documents, EagleView has produced approximately 300 additional documents responsive to GAF's RFP 5, including a number of customer contracts that refer to EFS.

Importantly, these documents merely reflect facts that EagleView has never disputed: that EFS was provided to customers prior to May 22, 2009, and that Pictometry has done millions of dollars of business in capturing and licensing imagery, for which EFS is an add-on product.

Still dissatisfied, GAF has again sought "discovery on discovery" about EagleView's efforts through both interrogatories and deposition topics—and again has failed to offer any reason

---

[3] GAF also claims that the information sought in this motion is also relevant to damages for the '880 patent (Mot. at 4 & n.4), but that is nonsensical, because the '880 patent did not exist at the time relevant to this motion.  GAF's cited cases are inapposite, as they concern license documents for patents asserted in litigation.

why such discovery-on-discovery, or any further discovery at all, is warranted on this subject matter.  At issue in this motion, GAF propounded Topics 13-15 of its Rule 30(b)(6) notice:

> 13. All sources or repositories of Documents that are responsive to Request for Production No. 5, from April 17, 2002, to the present.
>
> 14. For each source or repository in Topic 13, the nature of the searches, if any, that Plaintiffs performed for that source or repository.
>
> 15. To the extent that any source or repository in Topic 13 no longer exists or no longer contains Documents responsive to Request for Production No. 5, the circumstances and timing relating thereto.

In response, EagleView has agreed to produce a witness to testify about "EagleView and Pictometry's document repositories as they have existed over time," which fully addresses Topics 13 and 15 – as EagleView informed GAF before it filed the present motion.  Tulin Decl., Ex. C.

As to Topic 14, EagleView maintains that it improperly seeks discovery-on-discovery and invades the relationship between EagleView and its in-house and outside counsel.

**<u>Argument</u>**

Unlike ordinary discovery relating to a party's claim or defense, discovery-on-discovery "is different because it seeks discovery on a collateral issue—a party's discovery and retention processes." *Am. West Bank Members, L.C. v. Utah*, Case No. 2:16-cv-00326, 2021 WL 5234372, *1 (D. Utah Nov. 10, 2021).  Limited discovery on discovery is allowed "where there is reasonable doubt about the sufficiency of a party's response," which requires "an adequate factual basis, not mere speculation." *Id.* at *2.  Even then, "this type of discovery must be cautiously approached, and the bounds must be strictly limited" to avoid "'the danger of extending the already costly and

3

time-consuming discovery process *ad infinitum*.'"  *Id.* (quoting *Dalton v. Town of Silver City*, No. 17-1143, 2021 WL 4307149 at *5 (D.N.M. Sep. 22, 2021)).

GAF has not met the standard for discovery on discovery here, particularly not for the highly intrusive process of questioning EagleView's counsel, or a witness closely educated by EagleView's counsel, about efforts to search for responsive documents.  EagleView has now performed two searches for EFS-related documents, and GAF's motion fails to provide any factual basis—as opposed to speculation—for doubting the sufficiency of EagleView's searches.

Indeed, the documents in question are ***over 15 years old***.  Since then, Pictometry has undergone a corporate merger and countless changes in its information organization and storage systems.  It should not be at all surprising that EagleView has not been able to locate every single document that may have once existed years ago (over a decade before this litigation).  GAF's veiled suggestion that documents may have been intentionally "destroyed" (Mot. at 4-5) is utterly unfounded, and relies on an incorrect timeline.  In or before May 2009, individuals at a separate company, Thornberry Consulting, invented the '880 patent.  Two years later, Pictometry acquired the company and its intellectual property rights.  Two years after that, Pictometry merged with Eagle View Technologies.  By the time Plaintiffs first asserted the '880 patent in 2015, the records at issue here were at least 6 years old and the companies had undergone a significant corporate reorganization.

There is nothing in this sequence of events, or in the nature of EagleView's production, that provides a factual basis to support GAF's request for discovery on discovery.  There simply is no basis for GAF to claim that additional, unproduced documents must still exist ***today*** and that

4

EagleView has failed adequately to search for them—let alone for GAF to claim that such documents, were they to exist, would be any different in substance from the existing production.

The Court should not order more than the testimony EagleView has already agreed to provide. GAF does not explain why asking about Pictometry's repositories over time—as opposed to counsel's efforts in this case—is "not sufficient to allow GAF to understand what happened" to allegedly responsive documents (Mot. at 4). GAF says it seeks to "discover what happened to the troves of information that Pictometry kept about [EFS]" (Mot. at 4) and "probe the circumstances regarding [any] destruction" of documents that occurred prior to this litigation (Mot. at 5). All of that falls within the scope of testimony EagleView has agreed to provide. What falls outside the scope, and what GAF has not justified, is the "nature of the searches" that EagleView conducted for this case (Topic 14), which is intimately tied to issues of attorney-client privilege and attorney work product.[4]

Furthermore, until GAF takes the deposition that EagleView has offered, GAF's motion is premature. Without deposing EagleView's witness about what repositories existed, which ones still exist, and what information is in them, GAF cannot claim to have a "factual basis more than speculation" to doubt EagleView's efforts to locate responsive documents. 7/3/2023 Hearing Tr. at 23. At present, GAF can only speculate that repositories and custodial data from 15 years ago could still be located by EagleView today.[5] However, EagleView asserts that it has already

---

[4] EagleView's qualification as to Topics 13 and 15 is simply that GAF ask generally about what types of documents were stored where, and not ask a lay witness to opine about whether documents would be "responsive" to a legal discovery request.

[5] Notably, GAF did not choose Carol DeVico or David Peck (*see* Mot. at 3) as custodians to be searched pursuant to the Document Production Protocol (Dkt. 159), which GAF could have done if it wanted to know what date range of custodial data, if any, EagleView still retains for these long-departed employees.

5

searched every still-extant source it is aware of that would be likely to contain responsive information. To move past this point, it suffices for GAF to take testimony regarding EagleView and Pictometry's document repositories as they have existed over time—testimony that EagleView has agreed to provide under Topics 13 and 15. If GAF believes after such testimony that more is required, the parties can confer about whether additional searching is warranted and/or whether EagleView's prior searches were sufficient. In this way, discovery on discovery can be "cautiously approached" and "strictly limited." *Am. West*, 2021 WL 5234372 at *2.

GAF relies on the *Crocs* and *F.F.T.* cases, but those are distinguishable: *Crocs*, an out-of-district decision, does not appear to have applied this jurisdiction's requirement of "an adequate factual basis, not mere speculation" for doubting a party's response. *See Crocs, Inc. v. Effervscent, Inc.*, Case No. 06-cv-605, 2017 WL 1325344, *8-9 (D. Colo. Jan. 3, 2017). The *Crocs* court merely found that "the case would benefit by some guidance from Crocs as to its efforts to fully respond to discovery requests." *Id.* In contrast, the decision on which *Crocs* relies, *Conagra Foods Food Ingredients Col, Inc. v. Archer Daniels Midland Co.*, Case No. 12–2171–EFM, 2014 WL 1570263, at *6 (D. Kan. 2014)), is consistent with EagleView's approach here. In *Conagra*, the movant "speculate[d]" that additional documents may exist, and the court noted that movant was "free to serve discovery regarding the location of certain documents"; however, the court denied the motion to compel further details about counsel's search. *Id.* Similarly here, EagleView is willing to provide discovery about the location of documents, but should not be ordered to describe its search processes.

GAF's second case also does not support discovery on discovery here: In *F.F.T.*, the movant identified a specific, responsive document from another source that that the defendant had

6

failed to produce.  *F.F.T., LLC v. Sexton*, No. 1:19-cv-3027, 2020 WL 3258623, *2-3 (S.D. Ind. June 15, 2020).  GAF has not provided such a factual basis here.

Finally, GAF's motion should be denied because GAF has not made any showing (required from the movant) that additional documents regarding EFS would be likely to yield *new* relevant information, rather than merely being cumulative of the thousands of documents EagleView has already produced.  Nor has GAF shown that additional document discovery into EFS would be proportional to the needs of this case, given EagleView's prior searches and large existing production.  Indeed, GAF already has ample evidence on the points it allegedly seeks to prove: that EFS was available to customers, and that EFS was provided to customers in connection with imagery contracts that provided Pictometry with significant revenue.  GAF has no basis to make EagleView scour company records again when GAF has not identified anything non-cumulative at issue.

For the foregoing reasons, EagleView respectfully requests that GAF's motion be denied.

Dated:  December 11, 2023

/s/ Juliette P. White
Juliette P. White
Sarah Jenkins Dewey
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
sdewey@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
Lillian J. Mao
Christina E. Myrold

7

GIBSON DUNN & CRUTCHER
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8337
Fax: 415.801.7404
KKieckhefer@gibsondunn.com
Lmao@gibsondunn.com
CMyrold@gibsondunn.com

Stuart M. Rosenberg
Michael M. Polka
GIBSON, DUNN & CRUTCHER
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300
SRosenberg@gibsondunn.com
MPolka@gibsondunn.com

Brian M. Buroker
GIBSON, DUNN & CRUTCHER
1050 Connecticut Ave NW Ste 200
Washington, DC 20036-5306
Telephone 202.955.8541
bburoker@gibsondunn.com

*Attorneys for Plaintiffs  Eagle View Technologies, Inc. and Pictometry International Corp.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification to all counsel of record.

/s/ Juliette P. White