UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> GAF MATERIALS LLC, <br><br> Defendant. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SHORT-FORM MOTION TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS RELATING TO SALES/LICENSES OF PICTROMETRY SOFTWARE AND IDENTIFYING NATURE OF PRIOR SEARCH FOR SUCH DOCUMENTS (DOC. NO. 140)** <br><br> Case No. 2:22-cv-00215 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Defendant GAF Materials, LLC filed a motion to compel Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") to (1) produce documents relating to prior sales, licenses, and offers to sell/license prior art software that GAF contends invalidates and renders unenforceable at least one of the asserted patents, and (2) describe their efforts to locate such documents.[1]  EagleView opposed the motion to compel.[2]  The court held a hearing on July 3, 2023, and ruled on the

---

[1] (Def.'s Short Form Mot. to Compel Pls.' Produc. of Docs. Relating to Sales/Licenses of Pictometry Software and Identifying Nature of Prior Search for Such Docs. ("Mot."), Doc. No. 140.)

[2] (Pls.' Opp'n to Def.'s Short Form Mot. to Compel Pls.' Produc. of Docs. Relating to Sales/Licenses of Pictometry Software and Identifying Nature of Prior Search for Such Docs. ("Opp'n"), Doc. No. 147.)

1

motion at the hearing, granting it in part and denying it in part.[3]   This written order memorializes the court's oral ruling.

The documents at issue were requested in GAF's request for production ("RFP") 5, which seeks "[a]ll documents relating to sales [of], offers for sale [of], licenses [of], or offers to license" certain software sold by Pictometry, including Pictometry's "EFS" software.[4]   In its motion, GAF argued these documents were relevant to its invalidity defense (which is based in part on the EFS software and associated user guides), and its inequitable conduct defense (which is based on Pictometry's alleged failure to disclose the EFS software and associated materials to the U.S. Patent & Trademark Office).[5]   According to GAF, at the time the motion was filed, EagleView claimed to have conducted a reasonably diligent search but had not produced a single responsive document, despite references to license agreements in publicly available documents.[6]

In opposition, EagleView argued RFP 5 was overbroad and not proportional to the needs of the case because it sought documents from more than fifteen years ago, and because EagleView had undergone corporate reorganization and changes in information storage systems since that time.[7]   EagleView also claimed it had conducted a reasonable search and produced some responsive documents—namely, customer-facing documentation which evidenced that software was sold or licensed, and documents specifically discussing software licenses.[8]   At the

---

[3] (*See* Minute Entry, Doc. No. 162; Tr. of July 3, 2023 Hrg. 22:8–24:4, Doc. No. 163.)

[4] (Mot. 1–2, Doc. No. 140 (alterations in original).)

[5] (*See id.* at 2.)

[6] (*See id.*)

[7] (*See* Opp'n 1, Doc. No. 147.)

[8] (*Id.*)

2

hearing, EagleView explained it had not run specific searches but had, instead, produced entire repositories which it believed would contain relevant and responsive information.[9]

At the July 3, 2023 hearing, the court ruled as follows. EagleView's overbreadth and proportionality objections were overruled. RFP 5 was deemed relevant to GAF's defenses for the reasons stated in the motion (indeed, EagleView did not appear to contest relevance), and was sufficiently tailored to the needs of the case to fall within the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure.[10]  Based on GAF's representations regarding references to sales and licenses in publicly available documents, it seemed likely that additional responsive documents existed at some point which had not been produced. Further, EagleView's representation that it simply produced repositories where it believed responsive documents would likely be found was insufficient to permit a determination of whether an adequate search was conducted.

Accordingly, the motion was granted to the extent it sought to compel EagleView to conduct an additional search for documents responsive to RFP 5 and produce all responsive documents. The parties were ordered to meet and confer in good faith regarding the parameters of a targeted search for responsive documents, and EagleView was ordered to conduct a new, targeted search. However, the motion was denied to the extent it sought to compel EagleView to provide further information regarding its efforts to search for responsive documents. If, after a

---

[9] (*See* Tr. of July 3, 2023 Hrg. 17:4–10, Doc. No. 163.)

[10] *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

3

renewed search, EagleView still maintained no responsive documents existed, GAF must accept

this unless it could show a factual basis to believe additional documents still existed.[11]

DATED this 29th day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[11] *See Dalton v. Town of Silver City*, No. 17-1143, 2021 U.S. Dist. LEXIS 181328, at *14 (D.N.M. Sept. 22, 2021) (unpublished) ("[D]iscovery on the process that a party used to respond to [a] discovery request is appropriate where there is reasonable doubt about the sufficiency of a party's response."); *Gross v. Chapman*, No. 19 C 2743, 2020 U.S. Dist. LEXIS 133008 at *5–7 (N.D. Ill. July 28, 2020) (unpublished) (noting discovery on discovery is only warranted if there is an adequate factual basis to draw into question a party's compliance, not mere speculation).