UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br> v. <br><br> GAF MATERIALS LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 116, 118, 119, 128, 136, 142, 168, 180) <br><br> Case No. 2:22-cv-00215 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") and Defendant GAF Materials, LLC have filed motions to seal[1] portions of the briefing and exhibits related to GAF's motion for leave to file an amended answer and counterclaim,[2] portions of GAF's amended answer and counterclaim,[3] and a settlement agreement filed as an exhibit to the amended pleading.[4] GAF seeks to seal information related to its commercial relationship with supplier Pushpin, Inc., and its analysis of

---

[1] (Mots. to Seal, Doc. Nos. 116, 118, 119, 128, 136, 142, 168, 180.)  Additionally, EagleView's motion to seal at docket number 119 seeks leave to file under seal portions of its other motions to seal.

[2] (Mot. for Leave to File First Am. Answer and Countercls. ("Mot. to Amend"), Doc. Nos. 115 (redacted), 117 (sealed); Pls.' Partial Opp'n to Def.'s Mot. for Leave to File First Am. Answer and Countercls. ("Partial Opp'n to Mot. to Amend"), Doc. Nos. 127 (redacted), 129 (sealed); Def.'s Reply in Further Supp. of Mot. for Leave to File First Am. Answer and Countercls. ("Reply"), Doc. Nos. 135 (redacted), 137 (sealed).)

[3] (First Am. Answer to First Am. Compl. and Countercls., Doc. Nos. 166 & 167 (redacted), 169 (sealed).)

[4] (Ex. 6 to First Am. Answer to First Am. Compl. and Countercls., Doc. No. 169-1 (sealed).)

1

the market for and negotiations with a potential alternative supplier.[5] EagleView seeks to seal information related to (1) a confidential settlement between EagleView and Verisk Analytics, Inc. and Xactware Solutions, Inc. (collectively, "Verisk"), and (2) EagleView's software user guides.[6] No oppositions to the motions to seal were filed. For the reasons explained below, the motions to seal are granted.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[7] However, this right is "not absolute."[8] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[10] "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[11]

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's

---

[5] (GAF's Mots. to Seal, Doc. Nos. 116, 136, 168.)

[6] (EagleView's Mots. to Seal, Doc. Nos. 118, 119, 128, 142, 180.)

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[8] *Id.* (citation omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] *Id.* at 1242 (alteration in original) (citation omitted).

competitive standing.'"[12] Thus, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[13] And this rationale is even stronger where "the records could harm the competitive interests of third parties."[14]

## ANALYSIS

### A. GAF's Motions to Seal[15]

GAF seeks to seal information related to its commercial relationship with supplier Pushpin, Inc., including confidential terms of the parties' contractual relationship, pricing information, and purchase history.[16] GAF also seeks to seal information related to its analysis of the market for and negotiations with a potential alternative supplier, which GAF has named as a coconspirator with EagleView in its antitrust counterclaim.[17] GAF argues the analysis and negotiations include confidential business information such as the identity of potential customers and partners, GAF's internal business strategies, and GAF's product planning.[18]

GAF has demonstrated this information warrants sealing, for the reasons stated in its motions. The redacted portions of the briefing on the motion to amend and GAF's amended pleading contain confidential business information of both GAF and third parties which could

---

[12] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[13] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished).

[14] *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (unpublished).

[15] (Doc. Nos. 116, 136, 168.)

[16] (*E.g.*, Doc. No. 116 at 2–3.)

[17] (*Id.* at 3.)

[18] (*Id.*)

3

cause competitive harm if disclosed. This countervailing interest outweighs the presumption of public access to judicial records at this stage. Although the sealed documents include portions of GAF's amended pleading, it is not yet clear whether the sealed information will be used to determine the parties' substantive legal rights. Further, the parties publicly filed redacted versions of the briefing and amended pleading, leaving the majority of these documents publicly accessible. Under these circumstances, GAF's interest in maintaining the confidentiality of competitive business information outweighs the public interest in access at this stage of the case.

### B. EagleView's Motions to Seal[19]

#### 1. Verisk Settlement

EagleView seeks to seal information related to its confidential settlement with Verisk, including the settlement agreement (which is an exhibit to GAF's amended pleading) and portions of the briefing and amended pleading quoting from and describing the settlement agreement.[20] EagleView points to specific obligations, covenants, representations, and warranties in the settlement agreement, and explains in detail how disclosure of this information would harm competitive interests of both EagleView and Verisk.[21] EagleView also provides a declaration from Verisk's president explaining how Verisk would be harmed by disclosure of this information to competitors.[22]

---

[19] (Doc. Nos. 118, 119, 128, 142, 180.)

[20] (*E.g.*, Doc. No. 118 at 4–5.) EagleView filed redacted and sealed versions of the first motion to seal, redacting some examples of the information it argues warrants sealing. (*See* Doc. Nos. 118 (redacted), 120 (sealed).) EagleView's subsequent motions to seal advance the same arguments and are also filed under seal. (*See* Doc. Nos. 128, 142, 180.)

[21] (*E.g.*, Doc. No. 118 at 5–6.)

[22] (*See* Decl. of Maroun S. Mourad, Doc. No. 120-1 (sealed).)

EagleView has demonstrated the Verisk settlement agreement, and documents quoting from and describing it in detail, warrant sealing. Based on EagleView's submissions and a review of the sealed documents, it is apparent these documents contain confidential business information which would harm EagleView's and Verisk's competitive interests if publicly disclosed. This countervailing interest outweighs the presumption of public access to judicial records at this stage. As noted above, it is not yet clear whether the sealed information will be used to determine the parties' substantive legal rights, and the parties filed redacted versions of the GAF's amended pleading and the briefing on the motion to amend. Under these circumstances, EagleView's and Verisk's interests in maintaining the confidentiality of competitive business information outweighs the public interest in access at this stage of the case.

For the same reasons, EagleView's motion to seal[23] the unredacted versions of its motions to seal, which identify specific examples of information which warrants sealing, is granted.

    *2. EFS User Guides*

EagleView also seeks to seal portions of the briefing and amended pleading describing EagleView's software user guides (referred to as "EFS user guides"), arguing they contain proprietary and technical details regarding EagleView's products which could cause competitive harm if disclosed.[24] At this stage of the case, where it is unclear if this information will be used to determine the parties' substantive legal rights, this countervailing interest outweighs the public interest in access.

---

[23] (Doc. No. 119.)

[24] (*E.g.*, Doc. No. 118 at 8–9.)

## CONCLUSION

Because the parties have demonstrated the sealed documents contain confidential business information of both parties and nonparties, and these confidentiality interests outweigh the public interest in access at this stage, the motions to seal[25] are granted.[26] The documents at issue[27] shall remain sealed until otherwise ordered.

DATED this 29th day of January, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[25] (Doc. Nos. 116, 118, 119, 128, 136, 142, 168, 180.)

[26] This determination may be revisited if the sealed information is later used to determine the parties' substantive legal rights.

[27] (Doc. Nos. 117, 120, 128, 129, 137, 142, 169, 180 (including all attachments).)