UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> GAF MATERIALS LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S SHORT-FORM MOTION TO COMPEL PLAINTIFFS TO PRODUCE A 30(b)(6) WITNESS TO ADDRESS SEARCHES AND REPOSITORIES RELATING TO EFS (DOC. NO. 230) <br><br> Case No. 2:22-cv-00215 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Defendant GAF Materials, LLC filed a motion to compel Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") to produce a witness to address Topics 13, 14, and 15 of GAF's Rule 30(b)(6) notice, which seek testimony regarding the repositories of information relating to EagleView's "EFS" software and the nature of the searches of those repositories.[1] EagleView opposes the motion, arguing an inquiry into the nature of the searches is impermissible "discovery on discovery" and EagleView's offer to provide testimony regarding how it has stored its documents over time is sufficient.[2] As explained below, because GAF has demonstrated an adequate factual basis to question the sufficiency of EagleView's response to the underlying discovery request, GAF's motion is granted.

---

[1] (Def.'s Short-Form Mot. to Compel Pls. to Produc. a 30(b)(6) Witness to Address Searches and Repositories Relating to EFS ("Mot."), Doc. No. 230.)

[2] (Opp'n to Def.'s Short-Form Mot. to Compel Pls. to Produc. a 30(b)(6) Witness to Address Searches and Repositories Relating to EFS ("Opp'n"), Doc. No. 239.)

BACKGROUND

GAF's request for production ("RFP") 5 seeks "[a]ll documents relating to sales [of], offers for sale [of], licenses [of], or offers to license" certain software sold by Pictometry, including Pictometry's "EFS" software.[3] GAF previously moved to compel EagleView to produce responsive documents and to describe their efforts to locate such documents.[4] According to GAF, at the time that motion was filed, EagleView claimed to have conducted a reasonably diligent search but had not produced a single responsive document, despite references to license agreements in publicly available documents.[5] The court granted the motion in part and denied it in part at a July 3, 2023 hearing.[6] The court found RFP 5 relevant and proportional, and noted EagleView's representation that it had simply produced repositories where it believed responsive documents would likely be found was insufficient to permit a determination of whether an adequate search was conducted.[7] Therefore, the court ordered EagleView to conduct a new, targeted search after meeting and conferring with GAF regarding search parameters.[8] But the court denied GAF's request to compel EagleView to provide further information regarding

---

[3] (*See* Def.'s Short Form Mot. to Compel Pls.' Produc. of Docs. Relating to Sales/Licenses of Pictometry Software and Identifying Nature of Prior Search for Such Docs. ("Mot. to Compel re RFP 5") 1–2, Doc. No. 140 (alterations in original).)

[4] (*See id.*)

[5] (*See id.* at 2.)

[6] (*See* Min. Entry, Doc. No. 162; Order Granting in Part and Den. in Part Def.'s Short Form Mot. to Compel Pls.' Produc. of Docs. Relating to Sales/Licenses of Pictometry Software and Identifying Nature of Prior Search for Such Docs. ("Order on Mot. to Compel re RFP 5"), Doc. No. 265 (written order memorializing the court's July 3, 2023 oral ruling).)

[7] (*See* Order on Mot. to Compel re RFP 5 at 3, Doc. No. 265.)

[8] (*See id.*)

its search efforts, stating: "If, after a renewed search, EagleView still maintained no responsive documents existed, GAF must accept this unless it could show a factual basis to believe additional documents still existed."[9]

According to GAF, following this order, EagleView produced 227 EFS-related documents, including evidence of 71 EFS licenses executed before the 2009 patent priority date.[10] GAF contends that while this production confirmed the existence of documents evidencing "extensive" pre-2009 EFS licensing, it was still deficient in three respects:

> (i) many of the pre-2009 EFS licenses were incomplete (for instance, they included only a signature page, rather than any of the terms or attachments); (ii) others were only referred to in post-2009 documents (such as license renewals, without production of the underlying, pre-2009 license being renewed); and (iii) the produced documents refer to multiple repositories likely to contain additional, relevant information (relating, inter alia, to licenses, trade shows at which EFS was demonstrated, and distribution of EFS-related materials and training sessions) that Plaintiffs do not appear to have searched.[11]

For example, GAF contends the produced documents contain references to two repositories where pre-2009 EFS licenses are likely to be found (Pictometry's "Soffront CRM database" and its intranet), but it is unclear whether EagleView searched these repositories.[12] Further, GAF asserts EagleView has not produced any custodial documents from several individuals who were "indisputably involved" in EFS-related activities and are referenced in EFS-related documents.[13]

---

[9] (*Id.* at 3–4.)

[10] (*See* Mot. 2, Doc. No. 230.)

[11] (*Id.*)

[12] (*See id.* at 3.)

[13] (*Id.*)

3

GAF included the following topics in its Rule 30(b)(6) notice to address what it considered to be EagleView's gaps in production:

- Topic 13: "All sources or repositories of Documents that are responsive to Request for Production No. 5, from April 17, 2002, to the present."[14]

- Topic 14: "For each source or repository in Topic 13, the nature of the searches, if any, that Plaintiffs performed for that source or repository."[15]

- Topic 15: "To the extent that any source or repository in Topic 13 no longer exists or no longer contains Documents responsive to Request for Production No. 5, the circumstances and timing relating thereto."[16]

EagleView objected to these topics as overly broad, unduly burdensome, and an improper attempt to seek "discovery on discovery," and it initially declined to produce a witness on these topics.[17] EagleView later agreed to provide testimony about "EagleView and Pictometry's document repositories as they have existed over time."[18] EagleView contends this fully responds to Topics 13 and 15 and is sufficient to address GAF's concerns regarding gaps in production.[19]

---

[14] (Ex. A to Decl. of Edward L. Tulin, Pls.' Objs. and Resps. to GAF's Notice of Dep. Pursuant to Fed. R. Civ. P. 30(b)(6) to EagleView, Doc. No. 230-1 at 24.)

[15] (*Id.* at 25.)

[16] (*Id.*)

[17] (*Id.* at 24–26.)

[18] (Opp'n 3, Doc. No. 239.)

[19] (*See id.* at 1, 5.)

However, EagleView maintains its refusal to produce a witness for Topic 14, arguing it is an unjustified request for discovery on discovery.[20]

## ANALYSIS

"[D]iscovery on the process that a party used to respond to [a] discovery request is appropriate where there is reasonable doubt about the sufficiency of a party's response."[21] However, such "discovery on discovery" requires an adequate factual basis to draw into question a party's compliance, not mere speculation.[22]

GAF has demonstrated an adequate factual basis to question the sufficiency of EagleView's response to RFP 5. Although EagleView argued it conducted a reasonably diligent search in the first instance, its renewed search following the July 3, 2023 order yielded hundreds of additional responsive documents. Further, GAF has provided detailed reasons why it believes additional documents exist which have not been produced—supported by specific references to additional repositories and custodians in the produced documents themselves.[23] EagleView does not indicate whether it searched these repositories or custodial sources for documents responsive to RFP 5. Under these circumstances, discovery regarding the process that EagleView used to search for responsive documents is appropriate.

---

[20] (*See id.* at 1.)

[21] *Dalton v. Town of Silver City*, No. 17-1143, 2021 U.S. Dist. LEXIS 181328, at *14 (D.N.M. Sept. 22, 2021) (unpublished).

[22] *See Gross v. Chapman*, No. 19 C 2743, 2020 U.S. Dist. LEXIS 133008 at *5–7 (N.D. Ill. July 28, 2020) (unpublished).

[23] (*See* Mot. 2–3, Doc. No. 230; Ex. B to Decl. of Edward L. Tulin, Doc. No. 232-1 at 5–26 (sealed).)

EagleView's offer to produce a witness to testify about what depositories have existed is insufficient because it fails to address whether these repositories were searched for responsive documents, and the nature of the search conducted. Topics 13 and 14, as written, are better suited to address whether EagleView conducted an adequate search. Topic 13 requires EagleView to identify all repositories or sources of responsive documents, and Topic 14 requires EagleView to identify the nature of the search performed.[24] Such discovery is justified in light of the factual basis presented by GAF for questioning the sufficiency of EagleView's response to RFP 5. Finally, Topic 15 is appropriate where EagleView has indicated some responsive documents are no longer available due to changes in its information storage systems over time.[25]

## CONCLUSION

Because GAF has demonstrated an adequate factual basis to question the sufficiency of EagleView's response to RFP 5, discovery regarding the process EagleView used to respond is

---

[24] EagleView suggests Topic 14 is "intimately tied to issues of attorney-client privilege and attorney work product," but fails to meaningfully support this argument. (*See* Opp'n 5, Doc. No. 239.) Presumably, testimony on Topic 14 would simply address whether a search was performed pursuant to the parameters agreed upon by the parties following the July 3, 2023 order. EagleView does not explain why such information would be privileged or work-product protected.

[25] (*See, e.g.*, Pls.' Opp'n to Def.'s Short Form Mot. to Compel Pls.' Produc. of Docs. Relating to Sales/Licenses of Pictometry Software and Identifying Nature of Prior Search for Such Docs. 1, Doc. No. 147.)

justified. GAF's motion[26] is granted, and EagleView is ordered to produce a Rule 30(b)(6) witness for Topics 13, 14, and 15.

DATED this 1st day of February, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[26] (Doc. No. 230.)