UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> GAF MATERIALS LLC, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SHORT-FORM MOTION FOR RELIEF BASED ON AN UNPREPARED RULE 30(b)(6) WITNESS (DOC. NO. 247)** <br><br> Case No. 2:22-cv-00215 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Defendant GAF Materials, LLC filed a discovery motion asserting that a Rule 30(b)(6) witness designated by Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") was unprepared to testify regarding negotiation of a settlement agreement in another patent case brought by EagleView.[1] GAF's patent misuse defense and antitrust counterclaim are based largely on this settlement,[2] and Topic 11 of GAF's Rule 30(b)(6) notice included negotiation of the settlement.[3] Rather than seeking a continued Rule 30(b)(6) deposition, GAF seeks a three-hour deposition of EagleView's CEO, who personally participated in settlement negotiations.[4] EagleView opposes the motion, arguing

---

[1] (Def.'s Short-Form Mot. for Relief Based on an Unprepared Rule 30(b)(6) Witness ("Mot."), Doc. No. 247.)

[2] (*See* First Am. Answer to First Am. Compl. and Countercls. ¶¶ 277–293, 452–457, Doc. Nos. 166 (redacted), 169 (sealed).)

[3] (*See* Decl. of Michael M. Powell ¶ 2, Doc. Nos. 248 (redacted), 250-1 (sealed).) Topic 11 also included implementation, performance, and scope of the settlement agreement. (*See id.*)

[4] (*See* Mot. 2–3, Doc. No. 247.)

GAF is not entitled to depose its CEO and proposing, instead, a one-hour continued Rule 30(b)(6) deposition.[5] For the reasons explained below, GAF's motion is granted in part and denied in part, and EagleView is ordered to produce an adequately prepared Rule 30(b)(6) witness for a one-hour deposition on the topic of negotiation of the settlement agreement.

Rule 30(b)(6) of the Federal Rules of Civil Procedure requires a corporation or other entity being deposed to designate persons to testify on its behalf "about information known or reasonably available to the organization."[6] Entities must "make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."[7] "If the designated persons do not possess personal knowledge of the matters set out in the deposition notice, the [entity] is obligated to prepare the designees so that they may give knowledgeable and binding answers for the [organization]."[8] "If it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute."[9]

GAF has demonstrated EagleView's Rule 30(b)(6) witness was unprepared to testify regarding negotiation of the settlement agreement. The witness testified he was unaware he had been designated to testify regarding settlement negotiations, did not participate in the negotiations, had not spoken with any negotiation participants, had not seen negotiation

---

[5] (*See* Pls.' Opp'n to Def.'s Short-Form Mot. for Relief Based on an Unprepared Rule 30(b)(6) Witness ("Opp'n"), Doc. No. 271.)

[6] Fed. R. Civ. P. 30(b)(6).

[7] *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999).

[8] *Id.* (alterations in original) (internal quotation marks omitted).

[9] *Id.* (alteration in original) (citation omitted).

documents; and did not do anything to research the negotiations.[10] Indeed, EagleView does not meaningfully contest that its designated witness was unprepared.[11]

However, GAF has not shown it is entitled to depose EagleView's CEO as a remedy for the unprepared Rule 30(b)(6) witness. GAF cannot dictate who EagleView chooses as its corporate designee under Rule 30(b)(6),[12] and GAF has not issued a deposition notice for the CEO under Rule 30(b)(1).[13] The remedy for an unprepared Rule 30(b)(6) witness is a continued Rule 30(b)(6) deposition of a designee who is adequately prepared to give knowledgeable and binding answers for the corporation.[14] Accordingly, GAF is entitled to a continued Rule 30(b)(6) deposition of a witness prepared to testify on EagleView's behalf regarding the settlement negotiations—not a deposition of EagleView's CEO.

GAF also fails to justify its request for a three-hour deposition. GAF offers no argument as to why an additional three hours on this topic is warranted. EagleView, on the other hand, notes GAF has already taken the full seven hours of Rule 30(b)(6) testimony permitted under the local rules,[15] and settlement negotiations were only a subpart of one topic from the twenty topics

---

[10] (*See* Mot. 1–2, Doc. No. 247; Decl. of Michael M. Powell ¶¶ 4–5, Doc. Nos. 248 (redacted), 250-1 (sealed).)

[11] While EagleView states it does not concede the witness was unprepared and notes he was able to testify about some negotiation documents, EagleView primarily contests GAF's requested remedy. (*See* Opp'n 1–2, Doc. No. 271.)

[12] *See Legal Tender Servs. v. Hanover Ins. Co.*, No. 2:16-cv-01223, 2018 U.S. Dist. LEXIS 232087, at *2 (D. Utah Jan. 4, 2018) (unpublished) ("It is the corporation that designates a deponent to testify on its behalf—not the party conducting the deposition.").

[13] (*See* Opp'n 2, Doc. No. 271.)

[14] *See Starlight Int'l*, 186 F.R.D. at 639.

[15] *See* DUCivR 30-2(a)(2)(B).

in the Rule 30(b)(6) notice.[16] Under these circumstances, the one-hour continued deposition proposed by EagleView is reasonable.

## CONCLUSION

GAF's motion[17] is granted in part and denied in part. EagleView is ordered to produce an adequately prepared Rule 30(b)(6) witness for a one-hour deposition on the topic of negotiation of the settlement agreement.

DATED this 1st day of February, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[16] (*See* Opp'n 1, Doc. No. 271.)

[17] (Doc. No. 247.)