Juliette P. White, USB #9616
Patrick J. Neville, USB #17497
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
PNeville@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> GAF MATERIALS LLC, <br><br> Defendant. | **PLAINTIFFS' MEMORANDUM REGARDING WHETHER THE CASE SHOULD BE STAYED** <br><br> Case No. 2:22-cv-00215-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In response to the Court's August 19, 2025 Order (Dkt. 355), Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corporation (collectively, "EagleView") respectfully submit this Memorandum to address "whether the Court should issue a stay in this case until [proceedings before the Patent Office and Federal Circuit] are substantially concluded."[1]

---

[1] The Court simultaneously requested the same briefing in the co-pending *EagleView v. Nearmap* case, Case No. 2:21-cv-00283-TS-DAO, Dkt. 481.  Because EagleView believes the issue is substantially the same across both cases, EagleView is submitting the same memorandum in both cases.

1

**PREFERRED DISPOSITION AND SUPPORTING GROUNDS**

EagleView respectfully submits that no stay of this case is appropriate under the present circumstances, and that a stay would result in significant undue prejudice to EagleView. The *Nearmap* and *GAF* cases have been pending for over four years. Defendants are direct competitors with EagleView and, during the pendency of these cases, have continued to sell products that directly compete with EagleView's products and that are accused of infringing EagleView patents, some of which have **survived** all of Nearmap's and/or prior invalidity challenges. Thus, irreparable harm in the form of, *inter alia*, loss of goodwill and price erosion has accrued for years from infringement of claims that will likely proceed to trial. It will take well over an additional year before Nearmap's validity challenges before the Patent Office and Federal Circuit—which Nearmap has brought in piecemeal fashion—are fully concluded. The parties and the Court have expended significant resources on this litigation—fact discovery is complete, claim construction and attendant summary judgment issues have been fully briefed, and the Court has held a claim construction hearing in *Nearmap* and is poised to hold a claim construction hearing in *GAF*.

The facts here thus weigh against a stay. The *Nearmap* and *GAF* cases should be allowed to proceed and, if any of the asserted claims are finally adjudicated as invalid in the interim, the parties can adjust accordingly. The alternative—a protracted stay during which Defendants continue to unfairly compete with EagleView and the limited terms of EagleView's patents continue to run—would be inequitable.

**BACKGROUND**

EagleView filed suit against Nearmap and GAF on May 4, 2021. EagleView is a market leader in aerial image capture and providing imagery and roof measurements derived from aerial

2

imagery.  Nearmap competes directly with EagleView in all three areas.  Nearmap also supplies to GAF key components of GAF's QuickMeasure roof reports, which directly compete with EagleView's roof measurement products.  EagleView successfully asserted its patents—some of which are also asserted here—against non-parties Xactware Solutions, Inc. and Verisk Analytics, Inc., resulting in a substantial damages award and a permanent injunction.  EagleView seeks the same relief here.

The parties have vigorously litigated these two cases, exchanging millions of pages of documents, taking numerous depositions, subpoenaing third parties, and involving the Court in substantial discovery motions practice.  Fact discovery is now complete in both cases, and the issues of claim construction and claim construction-related summary judgment have been fully briefed.  The Court held a claim construction hearing in the *Nearmap* case on May 7, 2025, and a claim construction hearing in the *GAF* case is currently set for August 26, 2025.

Currently, EagleView asserts thirteen patents against Nearmap and a subset of nine patents against GAF.  While these cases were pending, Nearmap challenged the validity of EagleView's asserted patents before the Patent Office.  However, Nearmap deliberately chose ***not*** to challenge all asserted patents in the first instance and has brought *inter partes* review ("IPR") proceedings against only seven of the eleven asserted patents.  *See EagleView v. Nearmap*, Case No. 2:21-cv-00283-TS-DAO, Dkt. 480 ("Joint Status Report"); *Nearmap US, Inc. v. Pictometry Int'l Corp.*, IPR2024-00729; *Nearmap US, Inc. v. Eagle View Technologies, Inc.*, IPR2024-00716.[2]  Notably, two of the patents on which Nearmap declined to seek IPR have been the subject of unsuccessful

---

[2] IPRs for which institution was denied were not listed in the Joint Status Report, which only addressed currently pending proceedings.

IPRs brought by other parties.[3]  Nearmap's own IPRs have had mixed results: two were denied at the institution stage, one resulted in a final written decision ("FWD") that the claims were not unpatentable, and the other four have resulted in FWDs finding all asserted claims unpatentable. All FWDs are currently on appeal before the Federal Circuit, and oral argument was recently scheduled in October 2025 for the first of these appeals.

More recently, starting in late 2024 and continuing until this month, Nearmap decided to seek *ex parte* reexamination of the patents not subject to IPR.  *See* Joint Status Report.  Those proceedings remain in the early stages—some have not yet been instituted, some await an initial office action from the Patent Office, and one is pending EagleView's response to a non-final office action.  *Id.*

## ARGUMENT

In deciding whether to stay a case pending invalidity challenges before the Patent Office, district courts typically consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation."  *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-CV-392 CW, 2015 WL 13643323, at *3 (D. Utah Dec. 15, 2015); *see also* LPR 1.8 ("[T]he court may consider whether a stay would: (1) unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) simplify the pending issues in the case; (3) delay proceedings after discovery is complete or a

---

[3] Specifically, U.S. Patent No. 8,170,840 has been the subject of IPR twice, and U.S. Patent No. 9,129,376 once.  Institution was denied in all three proceedings.  *Xactware Sols., Inc. v. Eagle View Techs., Inc.*, IPR2016-00586; *Roofr, Inc. v. Eagle View Techs., Inc.*, IPR2023-00437; *Xactware Sols., Inc. v. Eagle View Techs., Inc.*, IPR2016-00587.

trial date has been set; and (4) reduce the burden of litigation."). Here, the factors as a whole disfavor a stay.

Most importantly, a stay will result in significant undue prejudice to EagleView because the parties are direct competitors and a stay is likely to be protracted. "[C]ourts 'routinely deny requests for stay during the pendency of PTO proceedings where the parties are direct competitors." *Vivint*, 2015 WL 13643323, at *3 n.15 (quoting *Everlight Elecs. Co. v. Nichia Corp.*, 2013 WL 1821512, *8 (E.D. Mich. Apr. 30, 2013)); *id.* at *3 & n.15 (collecting cases in support of the proposition that "direct competition between [the parties] increases the likelihood of prejudice and weighs against a stay"). "[A] patentee has an interest in prompt enforcement of its patent rights, particularly where, as here, the parties are direct competitors." *Minerva Surgical, Inc. v. Hologic, Inc.*, No. 18-217-JFB-SRF, 2021 WL 1840645, at *3 (D. Del. May 7, 2021). EagleView's prejudice would be particularly severe because the asserted claims are not all situated the same with respect to Nearmap's validity challenges before the Patent Office. A stay would subject even EagleView's claims that have been upheld by the Patent Office or have not been subject to any invalidity finding "to a stay of indefinite length," resulting in "severe[] prejudice." *Vivint, Inc. v. Alarm.com Inc.*, 351 F. Supp. 3d 1341, 1357 (D. Utah 2018) (declining to stay case as to claims not deemed invalid).

The stage of the case also weighs against a stay. The parties and the Court have invested significant resources in these litigations, where fact discovery is complete and claim construction is nearly complete. Once the Court issues its claim construction order, the parties will propose a schedule for the case through trial. *See* LPR 1.2(b)(2) ("No later than 14 days after entry of the claim construction ruling, the parties must present to the court a proposed scheduling order to

govern the remaining pretrial obligations."). Notably, Nearmap has never sought a stay pending its invalidity challenges and instead has "made a conscientious, deliberate decision . . . to fully participate in" the litigation. *Ivanti, Inc. v. StayLinked Corp.*, No. 2:19-CV-00075, 2021 WL 12101018, at *7 (D. Utah Dec. 10, 2021). As such, "the parties and the court have already invested too much into that process to stop it" based on the circumstances here. *Id.*

Finally, any potential simplification from a stay does not outweigh these other factors. The next step in these litigations is to complete the claim construction process. There is no indication that staying the case will simplify claim construction. Looking further out, the potential for simplification is limited and speculative. For example, the proceedings before the Federal Circuit involve IPR proceedings that have reached final written decision. Nearmap is thus barred from asserting invalidity based on "any ground that [it] raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). This significantly reduces the overlap between the issues before the Federal Circuit and the issues that will arise as this litigation proceeds. As another example, the potential that some claims may drop out of this case due to a final invalidity determination would not significantly simplify the case because there is significant overlap in subject matter between some of EagleView's asserted patents, most notably the patents directed to roof reports and obtaining roof measurements from aerial imagery. The overlap is reflected in the fact that all roof report patents are asserted against the same accused products, and Defendants have sought claim construction of terms common to all or multiple roof report patents and summary judgment of non-infringement based on arguments that cut across all or multiple roof report patents. Thus, even if some of the roof report claims were finally invalidated, the parties, their experts, and the jury will likely have to engage in much if not all of the same analysis to

6

address roof report or roof measurement claims that are not invalid.  And the Patent Office and Federal Circuit proceedings do not directly address infringement or damages at all, which conversely have been the biggest focus of efforts in this litigation.  Thus, there would not be significant simplification from staying the case now.

Taken together, the factors do not favor a stay, and this Court should follow the "routine[]" practice of declining to stay this competitor case.  *Vivint*, 2015 WL 13643323 at *3 n.15.

## CONCLUSION

For the foregoing reasons, EagleView respectfully submits that the case should not be stayed.


Dated:  August 22, 2025

*/s/ Patrick J. Neville*
Juliette P. White
Patrick J. Neville
Sarah Jenkins Dewey
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
Christina E. Myrold
**GIBSON DUNN & CRUTCHER**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8337
Fax: 415.801.7404
KKieckhefer@gibsondunn.com
CMyrold@gibsondunn.com

Stuart M. Rosenberg
Lillian J. Mao
**GIBSON DUNN & CRUTCHER**
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5389
SRosenberg@gibsondunn.com
LMao@gibsondunn.com

Brian M. Buroker
**GIBSON DUNN & CRUTCHER**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8541
BBuroker@gibsondunn.com

Ahmed ElDessouki
**GIBSON DUNN & CRUTCHER**
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
AElDessouki@gibsondunn.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 22nd day of August 2025, I caused to be electronically filed and served the foregoing PLAINTIFFS' MEMORANDUM REGARDING WHETHER THE CASE SHOULD BE STAYED with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

*/s/ Patrick J. Neville*

Patrick J. Neville
*Attorney for Plaintiffs*