IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLEVIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP PTY LTD, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER ISSUING STAY OF PROCEEDINGS <br><br><br><br> Case No. 2:21-CV-283-TS-DAO <br><br> District Judge Ted Stewart |
| EAGLEVIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> GAF MATERIALS, LLC, <br><br> Defendants. | Case No. 2:22-CV-215-TS-DAO <br><br> District Judge Ted Stewart |

The matter before the Court is whether to stay the proceedings in this case pending the outcome of administrative proceedings pending before the United States Patent and Trademark Office (the "PTO") and before the Federal Circuit. For the reasons discussed below, the Court will issue a stay and administratively close the case.

1

## I. BACKGROUND

The Court is presiding over two cases in which Plaintiffs EagleView Technologies Inc. and Pictometry International Corp ("Plaintiffs") assert patent infringement claims: Civil Case No. 2:21-cv-283 brought by Plaintiffs against Defendant Nearmap (the "283 Case") and Civil Case No. 2:22-cv-215, brought against Defendant GAF Materials, LLC (the "215 Case"). Plaintiff EagleView was the earliest provider of remote aerial roof measurement services and Plaintiff Pictometry is an innovator in the field of oblique image capture and processing technologies. In 2013, EagleView and Pictometry merged and created EagleView Technology Corporation. Customers in construction, insurance, solar energy, and other industries use Plaintiffs' technologies to estimate roofing costs. Both Nearmap and GAF directly compete in some capacity with Plaintiffs.

There are 13 patents at issue in the 283 Case; Patent Nos. 10,528,960; 9,514,568; 8,670,961; 8,209,152; 9,135,737; 10,685,149; 8,593,518; 8,542,880; 9,182,657; 10,671,648; 8,170,840; 9,129,376; and 8,078,436. A subset of nine of these patents are at issue in the 215 Case.

At the request of the Court, the parties to the 283 Case filed a status report updating the Court on the proceedings pending before the PTO involving the patents at issue. The status report disclosed the following: (1) the PTO found all asserted claims in the '880, '961, '436, and '737 patents to be unpatentable and an appeal on the decision is pending before the Federal Circuit; (2) the PTO found all asserted claims in the '518 patent to be not unpatentable and an appeal on the decision is pending before the Federal Circuit; (3) the PTO found all asserted claims of the '657 patent to be obvious in a non-final office action; (4) the PTO has instituted reexamination proceedings to consider the patentability of all asserted claims in the '152, '648,

'149, '960, and '568 patents; and (5) Nearmap has filed a reexamination request with the PTO

challenging the patentability of all asserted claims in the '840 and' 376 patents.

Upon learning all patents asserted in both the 283 and 215 Case are in question before the

PTO or Federal Circuit, the Court ordered the parties to file their respective positions regarding

the issuance of stay.[1] The parties filed their responses on August 22, 2025. EagleView opposes a

stay in both cases. Defendants Nearmap and GAF are in favor of a stay.

## II. DISCUSSION

The Federal Circuit has recognized a district court's "inherent power to manage their

dockets . . . including the authority to order a stay pending conclusion of a PTO reexamination."[2]

Courts in this district have adopted a "liberal policy in favor of granting motions to stay

proceedings pending the outcome of USPTO reexamination proceedings."[3] Further, "[c]ourts

frequently note that '[t]he legislative history surrounding the establishment of the reexamination

proceeding evinces congressional approval of district courts liberally granting stays.'"[4]

To determine if a stay is appropriate, the Court looks to "(i) whether a stay would unduly

prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will

simplify the issues in question and trial of the case; and (iii) whether discovery is complete and

whether a trial date has been set."[5]

---

[1] Case No. 2:21-cv-283 Docket No. 481, Case No. 2:22-cv-215 Docket No. 355.

[2] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted).

[3] *Nautilus, Inc. v. ICON Health & Fitness, Inc.*, No. 1:17-CV-00154-DN, 2018 WL 4215095, at *2 (D. Utah Sept. 4, 2018) (internal quotation marks and citation omitted).

[4] *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 786 (D. Colo. 2007) (quoting *Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark. 1991)).

[5] *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (internal quotation marks and citation omitted).

First, Plaintiffs assert that, "[m]ost importantly, a stay will result in significant undue prejudice to EagleView because the parties are direct competitors and a stay is likely to be protracted."[6] While the Court recognizes Plaintiffs' interest in a more timely resolution of its claims, the "delay inherent in the reexamination process does not constitute, by itself, undue prejudice."[7] Here, Plaintiffs note that the Defendants in both cases are direct competitors, however they fail to present "evidence that a stay of [their claims] would cause . . . harm that [Defendants] could not compensate . . . for, either practically or theoretically."[8] Notably, Plaintiffs have not moved for injunctive relief in either of the cases, which "[m]any courts have found" to "undermine[]" a patentee's assertion of undue prejudice.[9] Accordingly, because "[a]ny alleged infringement during the reexamination period can be quantified in the same manner as pre-examination infringement,"[10] the Court finds Plaintiffs will not suffer undue prejudice by the issuance of a stay.

Second, the Court considers whether a stay will simplify the issues and the trials. The 283 Case involves 99 claims from 13 asserted patents. The joint status report submitted by the parties

---

[6] Case No. 2:22-cv-215, Docket No. 357, at 5; Case No. 2:21-cv-283, Docket No. 483, at 5.

[7] *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, No. 2:08-CV-879-DAK, 2009 WL 2999036, at *2 (D. Utah Sept. 18, 2009) (internal quotation marks and citations omitted); *see also Cameras Onsite, LLC v. Digital Management Solutions, Inc.,* No. H-09-2518, 2010 WL 1268054 at *3 (S.D.Tex. March 24, 2010) (rejecting the plaintiff's argument that it would be prejudiced because the case could be delayed for years and finding that "[m]ere delay, without more though, does not demonstrate undue prejudice").

[8] *In re Med. Components, Inc.*, 535 F. App'x 916, 918 (Fed. Cir. 2013) (internal quotation marks and citation omitted).

[9] *ClearPlay v. Dish Network LLC,* No. 2:14-CV-00191-DN-CMR, 2021 WL 2515008, at *2 (D. Utah June 18, 2021) (quoting *Zillow, Inc. v. Trulia, Inc.,* No. C12-1549JLR, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013)).

[10] *Pool Cover Specialists*, 2009 WL 2999036, at *2.

states that all claims at issue in the 283 Case are involved in various proceedings before either the PTO or the Federal Circuit. The status report further discloses that four of the patents have been found unpatentable by the PTO. The 215 Case involves nine patents. All nine of the asserted patents in the 215 Case are also involved in various proceedings before either the PTO or the Federal Circuit. Three of the four patents found unpatentable by the PTO are asserted in the 215 Case. Notably, not all claims challenged by Nearmap in the PTO proceedings are at issue in the 215 claims, however there is significant overlap.

"In the words of a Federal Circuit judge, 'the benefits of reexamination are giving the PTO an opportunity to reconsider patents that have become the focus of litigation, relieving the courts of the need to decide some patent validity issues, and saving the courts from adjudicating infringement claims based on patents of questionable validity.'"[11] Courts commonly recognize "that the reexamination process is beneficial in the 'simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.'"[12]

Considering the large number of complex patents and claims at issue in these cases, and that the PTO has already invalidated a number of these patents, the Court has little trouble concluding that a stay is likely to simplify the issues. Cancelation of even some of the numerous

---

[11] *Digital Broad. Sols., LLC v. Dish Network L.L.C.*, No. 1:23-CV-02946-CNS-SBP, 2024 WL 2864150, at *6 (D. Colo. May 9, 2024), *report and recommendation adopted*, No. 1:23-CV-02946-CNS-SBP, 2024 WL 3738941 (D. Colo. July 8, 2024) (quoting *British Telecomms. PLC v. IAC/InterActiveCorp,* No. CV 18-366-WCB, 2020 WL 5517283, at *4 (D. Del. Sept. 11, 2020) (J. Bryson, sitting by designation)).

[12] *Pool Cover Specialists*, 2009 WL 2999036, at *2 (quoting *Ethicon,* 849 F.2d at 1428).

asserted claims would simplify the issues in as much as such claims could not be further litigated. A stay would also avoid litigation of any claims that are amended during the pending proceedings. Further, regardless of the outcome of the pending proceedings, the Court is likely to benefit from additional guidance from the PTO. Based on the above analysis the Court finds that a stay is likely to significantly simply the proceedings in these cases and, most importantly, the trials.

Finally, the Court considers whether discovery is complete and a trial has been set. In both cases, fact discovery is complete, and claim construction and summary judgment motions are pending. However, expert discovery must still be completed and a trial date must be set. There is no question that the parties in both cases have expended significant efforts and resources in litigating these cases over the last several years. However, "[d]espite the substantial time and effort already spent in this case, the most burdensome task[--the trial--]is yet to come."[13] Here, much work lies ahead for the parties and the Court in bringing the respective cases to trial. Considering the complex nature and large number of asserted claims, the Court wishes to avoid what could be significant wasted efforts by the Court, the parties, and a jury in preparing for and participating in trying any invalid patent claims. Considering the efforts that remain in these proceedings, the Court finds this factor weighs in favor of the stay.[14]

---

[13] *Smartflash LLC v. Apple, Inc.*, 621 F. App'x. 995, 1005 (Fed. Cir. 2015) (reversing district court's denial of a stay only months before trial where all asserted claims were involved in PTO proceedings).

[14] *ClearPlay*, 2021 WL 2515008, at *2 (finding this factor weighed in favor of a stay even though litigation proceedings had been ongoing for over seven years because there were "substantial proceedings yet to be completed, including expert discovery, dispositive motions, and trial.").

Based on the Court's consideration of each of the above factors, the Court finds that the issuance of a stay of both cases is warranted pending the outcome of the proceedings before the PTO and Federal Circuit.

## III.  CONCLUSION

It is therefore

ORDERED that all proceedings in the case are stayed and the Clerk's Office shall administratively close the case. It is further

ORDERED that the parties notify the Court within five days of completion of the pending proceedings before the PTO and the Federal Circuit and request a lift of the stay.

DATED this 25th day of August, 2025.

BY THE COURT:

Ted Stewart
United States District Judge